JAMES P. BRINSON, administrator, plaintiff in error, *vs.* CHARLES WESSOLOWSKY, administrator, defendant in error.

A. A. MURPHY *et al.,* plaintiffs in error, *vs.* CHARLES WESSOLOWSKY, administrator, defendant in error.

Where exceptions to an auditor's report are based upon questions of fact, and no evidence is introduced in support thereof, the report will be sustained. *Aliter*, if the exceptions turn exclusively on questions of law.

Auditors.    Before B. B. BOWER, Esq., Judge *pro hac vice.* Dougherty Superior Court.    April Term, 1876.

Reported in the decision.

D. H. POPE, for plaintiff in error in the first case.

W. T. JONES; STROZER & SMITH; WARREN & HOBBS; VASON & DAVIS, for defendant.

WARREN & HOBBS; W. T. JONES, for plaintiffs in error in second case.

D. H. POPE; STROZER & SMITH; VASON & DAVIS; WILLIAM OLIVER, for defendant.

WARNER, Chief Justice.

These were two bills of exceptions to the judgment of the court in this case, by different creditors, who were plaintiffs in

error, and both were argued together. The case came before the court below on exceptions made to an auditor's report, when it was agreed that the case should be submitted to the decision of the court without the intervention of a jury. On hearing the case, the court overruled the exceptions, whereupon the plaintiffs in error excepted.

The court, under this submission, was bound to have decided the exceptions in the same manner as a jury would have done under the provisions of the 4203d section of the Code. The facts, as reported by the auditor, the court was bound to recognize as being *prima facie* the truth, unless controverted by evidence on the hearing, which it is not pretended was done in this case. The judgment of the court in this case was like the verdict of a jury, and will not be set aside unless it is without evidence to support it. So far from the decision being without evidence to support it, the only evidence before the court was the auditor's report, which was *prima facie* the truth: Code, section 3097. The legal presumption is, that the conclusion of the auditor was right under the evidence before him, unless controverted by other evidence. When there is an error of law apparent on the face of the auditor's report wholly irrespective of the evidence on which it is based, then the court can correct that error by its judgment. But that is not this case; the allowance or disallowance of the respective claims which were before the court, embraced in the auditor's report, was based on the evidence before him. Whether the respective claims were legal or illegal, properly or improperly allowed by the auditor, depended on that evidence, and as the auditor's report was *prima facie* the truth, and the evidence on which it was based not being controverted, there was no error in overruling the exceptions on the statement of facts contained in the record.

Let the judgment of the court below in both cases be affirmed.