money therefor, $202; and that during the trial he told this to Willis, one of his counsel. Also, affidavit of Willis, that he did not know of the facts stated, and did not hear Ferguson tell him the property had been sold at administratrix's sale. Also, affidavit of the other counsel for claimants, that he did not know of the administratrix's sale when the case was tried, and did not know until after the trial that the property had been sold.

WILLIS & PERSONS, for plaintiffs in error.

A. J. PERRYMAN and J. J. BULL, contra.

---

LEWIS, survivor, v. EDWARDS et al.

Where creditors of an insolvent trader held a valid mortgage covering all his property, and for an amount sufficient to exhaust all the proceeds thereof, which mortgage was made and recorded before the filing of a creditor's petition against the trader, upon which the sheriff was appointed receiver, and as such converted the property into cash, but before the sale by him the mortgagees, without becoming parties to the petition, had foreclosed their mortgage and placed the *fi. fa.* in the sheriff's hands for collection, they are not chargeable with the fees of attorneys for filing the petition and bringing the fund into court, nor with the costs of the petition. As to them, there was no equity in the petition, no necessity for filing it, and they derived no benefit therefrom. This case differs from *Lowry Banking Co. et al.* v. *Abbott & Smith*, 87 *Ga.* 134, in which the secured creditor had itself made a party to the petition for a receiver.                    *Judgment affirmed.*

July 17, 1893.

Petition to distribute fund. Before Judge BOWER. Dougherty superior court. October term, 1892.

Under a creditor's petition filed by Lewis as surviving partner against Edwards and others, Lewis being the owner of a third in amount of the debts due by Edwards who was a merchant at the time of filing the petition, a receiver was appointed for the stock of goods of Edwards. Wight & Wessolowsky held a mortgage on the same stock of goods, which was foreclosed and placed

in the hands of the sheriff (who was the receiver) before the receiver's sale took place, for the purpose of claiming the fund. The stock was sold by the receiver under his appointment as such, and the fund brought into court. Lewis presented his petition alleging, that he was at large expense in attorneys' fees in bringing the money into court, to wit $100, and receiver's and court cost, and prayed that said amounts be paid, that the receiver make a report, and that the balance be applied to the claims entitled to it. Wight & Wessolowsky objected on the ground, that their mortgage on the goods, dated and recorded prior to the filing of the petition, was for more than enough to take all the fund, all of which came from the mortgaged goods. It appeared in evidence that the services of the attorneys of petitioner were worth $100 for filing and representing the petition and representing the receiver; that Edwards had representing him the same attorney who represents Wight & Wessolowsky, and resisted the appointment of a receiver, on the ground that the mortgage was for more than enough to take all the proceeds of the goods, but Wight & Wessolowsky were not made parties to the creditor's petition, either as plaintiffs or defendants; that Edwards had run off to avoid an attachment for contempt of court issued against him, and left no visible property out of which to make the attorneys' fees and court costs. The court decided that neither the attorneys' fees nor the court costs of the creditor's petition were chargeable to the fund; but allowed the receiver expenses he incurred in converting the goods into cash, to wit, house rent, receiver's expenses and fees, and directed that the balance be paid to the mortgage. Lewis excepted.

D. H. POPE, for plaintiff in error.

J. W. WALTERS, by HARRISON & PEEPLES, *contra.*