## MACON SAVINGS BANK *et al. v.* CARTER.

The holder of an execution founded upon a judgment constituting the oldest and highest lien upon the property of the defendant therein named is, upon a rule to distribute a fund arising from a sale under another execution of a stock of merchandise belonging to the judgment debtor, entitled to have his execution satisfied in full as against a claim by a receiver for reimbursement for advances voluntarily made by the latter in conducting a farming business of the defendant in no way connected with the merchandise, it not appearing that the receiver, though for a short time in possession of the goods under his appointment as receiver, rendered any valuable services with respect thereto, and it being shown that, under all the facts and circumstances, he had no legal or equitable right to be reimbursed out of the proceeds of the sheriff's sale for the advances so made by him.

Argued May 13, — Decided June 2, 1899.

Money rule. Before Judge Spence. Dougherty superior court. October term, 1898.

*D. H. Pope & Son,* for plaintiffs in error.
*Wooten & Crosland,* contra.

LUMPKIN, P. J. The Macon Savings Bank and others were judgment creditors of Mayer & Crine, who owned a stock of merchandise in the city of Albany and a plantation in Dougherty county. The judgments held by these creditors were the oldest and highest liens upon the property belonging to this partnership. The Loomis & Hart Manufacturing Company held a mortgage covering the stock of merchandise, junior in date to the judgments above mentioned. Executions which had issued upon these judgments and upon a foreclosure of the mortgage were levied upon the stock of goods. After this, Jacob Lorch and other unsecured creditors of Mayer & Crine filed a creditors' petition, upon which a restraining order was granted and a temporary receiver appointed to take charge both of the goods and the farm whereon Mayer & Crine had been conducting farming operations. At the interlocutory hearing, the restraining order was dissolved and the receiver discharged. During the time the receiver was acting, he made advances to the amount of more than $600 "to said farm," under the order of court appointing him. After the dissolution of the restraining order, the merchandise was sold by the sheriff under the mortgage execution in favor of the Loomis & Hart Manufacturing Company. The fund thus realized was in amount insufficient to satisfy in full the common-law judgments. The plaintiffs therein instituted a rule against the sheriff, to which proceeding the receiver was made a party. Upon the hearing thereof, the only contested issue was whether the money should be paid to the receiver upon his claim for advances, or to the plaintiffs in the common-law executions. It was not shown that the receiver had incurred any expense in keeping the goods or that he rendered any valuable services with respect to the same. The court directed the sheriff to pay the money to the receiver, and the other parties at interest excepted.

This decision was clearly erroneous. There is no principle, either legal or equitable, of which we are aware, authorizing this fund to be thus taken from the parties holding the executions to which the same was subject. As to them, there was no necessity whatever for a receiver. Though parties to

the creditors' petition, manifestly they were not voluntary parties thereto. The receiver did nothing for their benefit. As remarked above, it does not appear he rendered any valuable services with respect to the goods; and so far as the advances made by him are concerned, all the money thus realized was expended in carrying on the farming operations of Mayer & Crine. The court's order did not bind him to advance this money, for he could have renounced the appointment. He should therefore, as to the making of the advances, be treated as a mere volunteer who acted at his peril. It was incumbent upon him, at the time he was discharged from the receivership, to invoke from the court whatever order may have been necessary and proper to provide for his reimbursement out of the crops to the making of which these advances contributed. Certainly, he had no just claim to compensation out of the proceeds of the stock of merchandise, on which the plaintiffs had valid liens of the highest dignity and which was not even converted into cash through his instrumentality, having been sold by the sheriff under lawful process.

It is true that under section 4850 of the Civil Code, the judge has a discretion in equity cases in determining upon whom the costs shall fall. He has, however, "no arbitrary power in this respect, but must exercise a sound discretion in deciding by whom the costs shall be paid." *Hamilton* v. *Du-Pre*, 103 *Ga.* 795. The principle upon which the case of *Bradford* v. *Cooledge*, Ibid. 753, was decided is also applicable to the facts of the case at bar. Indeed, the impropriety of allowing the receiver's claim to compensation for the money he advanced is much more apparent than was the error committed in the case last cited.

*Judgment reversed. All the Justices concurring.*