BUSH *et al.*, adm'rs, *v.* MURPHEY & CO., for use, etc.

1. An action upon an open account with a bill of particulars attached, to which no defense was interposed save that of payment, was not one which could properly be referred to an auditor.
2. Where such a case was, over the objection of the defendant, improperly referred to an auditor, and he filed an elaborate report covering matters and issues not authorized by the pleadings, it was erroneous to make such report the judgment of the court.

Argued April 8,—Decided April 26, 1901.

Exceptions to auditor's report. Before Judge Reagan. Monroe superior court. September 17, 1900.

*Robert L. Berner*, for plaintiffs in error.
*J. S. Boynton* and *J. F. Redding*, contra.

FISH, J. This was an action upon an open account, with a bill of particulars attached, brought, in February, 1888, by J. T. Murphey & Co., for the use of Ambrose Murphey, against W. H. H. Bush. After the trial began, the court, upon motion of plaintiffs counsel, referred the case to an auditor, over the objection made by counsel for the defendant that the pleadings did not authorize the reference. To this ruling exceptions pendente lite were filed, upon which error is assigned in the bill of exceptions. The only plea found in the record is that of the general issue, filed in March, 1888. The clerk certifies that the amended pleas are lost. The auditor in his first report says: " I do not find any equitable pleadings in this case. It appears that the only plea made by the defendant is a plea of payment." The auditor filed a report during the August term, 1899. On September 1, 1900, the court "recommitted" the case to the auditor, in order that certain mistakes in the report as to matters of fact might be corrected. In his second report the auditor states that, " On Feb. 3rd, 1900, counsel for deft. filed with me

as auditor an equitable plea as amendment. Counsel for pltffs. filed demurrer to same Feb. 8th, 1900 ; which plea and demurrer are submitted with this further or supplemental report. On Feb. 8th and 9th, further hearing was had at Forsyth, Ga., and counsel for J. T. Murphey filed petition of interpleader for account and settlement of J. T. Murphey & Co.; which petition is disallowed and filed with this report. After considering the equitable plea of the deft. and the demurrer of pltff., I sustained the demurrer and disallowed the amendment. . . I conclude and so rule that the equitable plea can not now be allowed." The defendant, Bush, having died during the pendency of the suit, plaintiffs in error, his administrators, were made parties defendant. They filed exceptions of law and exceptions of fact to each of the reports made by the auditor, the exception of law to the supplemental report being that "The auditor erred in not allowing the equitable plea filed by way of amendment, and sustaining the demurrer of plaintiff thereto, for the reason that the case has been tried from the beginning to end on the assumption that said equitable plea had been filed, and because amendments are always allowable to the end of the case, especially when the case has been tried on the theory that said amendment was then or would be filed." On September 7, 1900, during the August term of the court, the defendants, by an amendment allowed by the court, withdrew "their equitable plea in said case." Upon the same day the court entered up the following judgment: "After hearing argument of counsel in above-stated case and after considering the same, and counsel for plaintiff having by order of the court withdrawn the demurrer filed before the auditor to the defendant's equitable plea, and it further appearing that the auditor in his original report and findings and in his supplemental report did pass upon the issues made by the equitable plea of defendant: It is, therefore, ordered by the court that the exceptions of both law and the exceptions of facts of both the defendant and plaintiff be overruled and dismissed, and the report and findings of the auditor be approved. It is further ordered, adjudged, and decreed that the plaintiff recover of the defendants," etc. Error is assigned in the bill of exceptions, upon the reference of the case to an auditor, upon the overruling of the exceptions of law filed by the defendants to the auditor's report, upon the overruling of their exceptions of fact to such report, and entering up judgment

against defendants without submitting the exceptions of fact to a jury.

From the foregoing statement of facts, it is apparent that the pleadings did not authorize the reference of this case to an auditor. The action was in the statutory form upon a plain open account, without any complications whatever, to which no defense was interposed save that of payment; nor was any other plea ever allowed by the auditor, though he undertook to pass upon equitable issues. As the case was improperly referred, and over the objection of the defendant, all that the auditor did in reference thereto was nugatory, and it was erroneous to make his report the judgment of the court.            *Judgment reversed.   All the Justices concurring.*