### WADE, administratrix, v. PEACOCK, guardian (two cases).

1. A judge of the superior court may, in framing his decree on an auditor's report, correct any error of law apparent on the face of the report, and make his decree conform to the law. This is so although exceptions filed to the report of the auditor have been withdrawn.
2. In the settlement of the estate of a decedent, debts due for rent take priority over liquidated demands.

Argued December 17, 1904. — Decided January 28, 1905.

Exceptions to auditor's report.    Before Judge Reagan.    Thomas superior court.    June 20, 1904.

*W. C. Snodgrass, S. S. Bennet*, and *Theodore Titus*, for plaintiff. *Hammond & Hammond*, for defendant.

CANDLER, J. Exceptions of fact to an auditor's report are for a jury in the superior court; exceptions of law are for the court. Whether, in the absence of exceptions of fact, the court can, without submitting the case to a jury and without rereference to the auditor, frame a decree at variance with the facts reported by the auditor, is a question not involved in this case. "When there is an error of law apparent on the face of the auditor's report wholly irrespective of the evidence on which it is based, then the court can correct that error by its judgment." *Brinson* v. *Wessolowsky*, 57 *Ga*. 143; *Anderson* v. *Usher*, 59 *Ga*. 577. It can make no difference that no exceptions of law have been filed, or if filed have been withdrawn. We are not aware of any law requiring a judge to make an erroneous decree, based on a palpably erroneous report of law by an auditor, merely because the party affected

did not file exceptions to the report. Such a rule would subordinate the judicial powers of the court to those of the auditor. To hold that rereference to the auditor is necessary would lead to vexatious and useless delay; for if the error of law is apparent, why may not the judge correct it at first hand, rather than send it back to the auditor for correction? In the present case the auditor made separate findings of law and fact. Exceptions were filed by the defendant in error, but were subsequently withdrawn. The auditor found as matter of law that in the payment of the debts of a decedent a debt for rent "is an unliquidated demand,' and as such takes rank as an open account;" and he gave priority to a liquidated demand over such a debt. This was in plain conflict with the Civil Code, § 3424, providing for the priority of debts due by a decedent. The decree framed by the court "approved and confirmed" the auditor's report, but cured the error therein by giving priority to the debt due for rent. This was an inconsistency, but not one of such importance as to require a reversal of the judgment; for the intention of the decree was apparent.　　　　*Judgment affirmed. All the Justices concur.*