CARR *v.* WALKER, *alias* CARR, administratrix.
CARR, administratrix *v.* CARR.

Nos. 16465, 16468. FEBRUARY 14, 1949. REHEARING DENIED MARCH 16, 1949.

*Paul T. Chance, Gregory & Lozier,* for plaintiff in case No. 16465.

*Hammond, Kennedy & Sanders,* for defendant.

*Hammond, Kennedy & Sanders,* for plaintiff in error in case No. 16468.

*Paul T. Chance, Gregory & Lozier,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) The two cases made by separate writs of error relate to the one case in the trial court, and will be decided in one opinion.

■ The petition was not subject to the general demurrer. Nor was the answer subject to the ground of special demurrer that it failed to allege more specifically the details of the alleged marriage. *Brown* v. *Parks,* 169 *Ga.* 712 (151 S. E. 340). Because of rulings which will be made in this opinion, it is immaterial whether or not the court erred in allowing the amendments offered by the defendant.

■ This case involves and is controlled by the plain, simple

question whether or not the defendant was the lawful wife of the decedent, C. S. Carr Sr. Had this issue been submitted to a jury in an ordinary trial and the evidence in this record introduced upon that trial, a verdict of the jury based upon that evidence would not be difficult to review, but we have encountered immeasurable difficulties in trying to follow out the voluminous procedure resulting from its submission to the auditor. The findings of fact made by the auditor, in so far as they relate to the exceptions of law filed by the petitioner in the trial court, not having been excepted to, are res adjudicata, and this court will treat those findings as the true facts in the case in ruling upon all such questions of law. *Lefkoff* v. *Sicro*, 193 *Ga.* 292 (18 S. E. 2d, 464); *Ross* v. *Rambo*, 195 *Ga.* 100 (4) (23 S. E. 2d, 687). The petitioner filed exceptions of fact, and the court approved them, but had this remained the status of the case, the issue made thereby would, under the law (Code, § 10-402; *McDonald* v. *Dabney*, 161 *Ga.* 711, 132 S. E. 547; *Owen* v. *S. P. Richards Paper Co.*, 188 *Ga.* 258, 3 S. E. 2d, 660), have required submission to a jury; but in the absence of any express withdrawal or waiver of such exceptions the petitioner, by petitioning for a final decree, as a matter of law waived all the exceptions of fact. Therefore, in passing upon all the rulings of the trial judge upon the petitioner's exceptions of law, wherever a consideration of the facts is necessary we must look alone to those facts as found and reported by the auditor, and are not allowed to go beyond them for the purpose of considering the evidence as it appears in the brief of the evidence. Looking to the auditor's findings of fact, we find the following: "By their acts and conduct it is found that they entered into a voluntary agreement to terminate their illicit relationship and to become man and wife, and that agreement was renewed and they continued to abide by it in good faith after her death (the first wife of Carr)." Based upon this adjudicated fact, the auditor made the following conclusion of law to which the trial court sustained the petitioner's exceptions of law: "Upon consideration of the authorities cited above, and others which are not mentioned here, it is found as a conclusion of law that the defendant, Annie Mae Walker Carr, was the widow of C. S. Carr Sr. at the time of his death, by virtue of cohabitation under

a renewed and valid agreement of marriage after the death of the decedent's first wife." The conclusion of law is a decision of the auditor upon a decisive question in the case. By sustaining the petitioner's exceptions thereto and entering the final decree, the trial judge reversed the auditor and decreed that the defendant had not been the wife of the decedent and is not entitled to share as an heir at law in his estate or to administer thereon. The petitioner's exceptions of law and the judge's rulings thereon cite and quote testimony of numerous witnesses that would strongly tend to contradict the auditor's findings of fact; yet, as ruled above, neither the trial judge nor this court is authorized by law to consider such testimony and evidence, but are limited strictly to the auditor's finding as it appears in the case. This being true, the facts as thus fixed not only authorize but demand the conclusion of law which the auditor made. While elsewhere in his findings of fact the auditor had found that in the beginning the defendant's relationship with the decedent was illicit, his further finding that this illicit relationship was by agreement terminated, and the parties expressly agreed to become man and wife, brings the case squarely within the rule announced in *Clark* v. *Cassidy,* 62 *Ga.* 407, 410, *Smith* v. *Smith,* 84 *Ga.* 440 (11 S. E. 496), *Drawdy* v. *Hesters,* 130 *Ga.* 161 (60 S. E. 451), *Smith* v. *Reed,* 145 *Ga.* 720 (89 S. E. 815), and *Addison* v. *Addison,* 186 *Ga.* 155 (197 S. E. 232), all of which decisions hold that, while cohabitation, illicit in its incepton, will be presumed to have continued, yet if after the disability has been removed the cohabitation is continued and the parties hold themselves out as man and wife, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary. While most of those cases dealt with ceremonial marriages, the same rule would apply with equal effect to common-law marriages.

Counsel for the petitioner strongly urge that the evidence shows that the defendant knew all the time that the decedent was the lawful husband of the petitioner's mother. Here again the law shuts the door to the brief of the evidence and requires an acceptance of the findings of fact by the auditor as the only evidence in the case. There is no finding by the auditor that any such previous marriage of the decedent has not been dis-

solved by divorce upon a petition of either of the parties thereto. Thus the record, to which we are confined, fails to support the contention of counsel. Furthermore, the agreement between the decedent and the defendant after the death of the first wife and its fulfillment, as found by the auditor, would have made the defendant his lawful wife, regardless of any previous illegal and illicit relations which he found they had agreed to terminate. Since the facts found by the auditor are sufficient to show a common-law marriage between the defendant and the decedent, the law will place around that marriage every presumption of validity, and the petitioner, in attacking the same upon the ground that one of the parties thereto was at the time the spouse of another living person, had the burden of proving that the marriage to such other person had not been dissolved. *Murchison* v. *Green,* 128 *Ga.* 339 (57 S. E. 709, 11 L. R. A. (N. S.) 702); *McDonald* v. *McDonald,* 180 *Ga.* 771, 777 (180 S. E. 815); *Renfroe* v. *Hamilton,* 193 *Ga.* 194, 199 (17 S. E. 2d, 709); *Nash* v. *Nash,* 198 *Ga.* 527 (32 S. E. 2d, 379); *Reed* v. *Reed,* 202 *Ga.* 508 (43 S. E. 2d, 539). This was not done.

It follows that the trial court erred in sustaining the petitioner's exception of law to the auditor's conclusion of law that the defendant was the wife of the decedent at the time of his death; and that the court erred in entering a final decree, to the effect that the defendant was not the wife of the decedent and was not entitled to a one-half interest as an heir at law of the estate and not entitled to administer thereon.

■ A year's support under the Code, § 113-1002, et seq. is purely a statutory right, and if obtained, must be obtained in the manner prescribed by the statute. That law gives to the court of ordinary exclusive jurisdiction. A court of equity is without jurisdiction to grant or set aside a year's support. *Kerr* v. *McAnally,* 183 *Ga.* 365 (2) (188 S. E. 687), et cit. The trial court did not err in disapproving the finding of the auditor awarding a year's support. *Wade* v. *Peacock,* 121 *Ga.* 816 (49 S. E. 826).

■ The defendant's exceptions 5 and 6 are well founded, and the court erred in overruling them. The undisputed evidence shows that the $150 in the wallet of the decedent when he went to the hospital was used to pay expenses of the household and

hospital, all of which were obligations of the decedent. The writing signed by the decedent, dated April 23, 1945, conclusively shows that $558.50 of the $2743 turned over by Beatrice Wallace was the property of the defendant. These exceptions complain of the auditor's findings that both the $150 and the $2743 were funds belonging to the estate of Dr. Carr. Since, as above demonstrated, both findings were contrary to the evidence, it was error to overrule the exceptions. The presumption in favor of the auditor's findings (*Barber* v. *Southern Service Corp.*, 182 *Ga.* 124, 185 S. E. 93) is thus rebutted.

■ The petitioner's exceptions of law, 1 through 9, have been dealt with in part in our ruling in division 2 of this opinion, and where not controlled thereby adversely to the petitioner are without merit. Exception 10, to allowing the defendant to testify as to transactions with the decedent, is without merit. In *Neal* v. *Neal*, 153 *Ga.* 44 (2) (111 S. E. 387), it was ruled: "In a suit by a widow as administratrix against the heirs of the intestate, to marshal assets and for an accounting, the widow is a competent witness for the plaintiff, under the provisions of the Civil Code, § 5858 [now § 38-1603], to testify as to declarations of the deceased tending to show that certain property delivered to some of the heirs was intended as advancements." Exceptions 11, 12, and 13 complain of the disallowance of testimony of the petitioner's witness that the defendant knew, while living with the decedent, that he had a lawful wife in life; the exclusion of a letter from a probate judge in Aiken, South Carolina, that records of his office had been searched and no record of a marriage between the decedent and the defendant had been found; and the exclusion of testimony of the defendant as to a certain conversation between her and her counsel. These exceptions are all without merit and should have been overruled.

It follows from what has been said that the rulings complained of in case No. 16465 are affirmed, and the rulings in case No. 16468 are reversed except that disallowing a year's support.

*Judgment affirmed in bill of exceptions No. 16465. Judgment affirmed in part and reversed in part in bill of exceptions No. 16468. All the Justices concur.*