UNITED BONDED WAREHOUSE INC. *v.* JACKSON *et al.*

628

No. 17324. February 12, 1951. Rehearing denied March 14, 1951.

632

*T. B. Higdon,* for plaintiff in error.

*John Kirby, Marvin G. Russell, Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland Jr., Louis D. Yancey Jr., Arnall, Golden & Gregory, Stanley P. Meyerson,* and *Nall & Sterne,* contra.

*Robert L. O'Neil,* in propria persona.

DUCKWORTH, Chief Justice. ▆ This court has repeatedly attempted to emphasize the imperative necessity of strict adherence to the general rule that, before an unsecured creditor will be permitted to obtain an injunction, receivership, or other equitable relief, it must be made clearly to appear that there is a present manifest wrong or injury imminently impending. *Crawford* v. *Ross,* 39 *Ga.* 44; *Jones* v. *Wilson,* 195 *Ga.* 310 (24 S. E. 2d, 34; *Irwin* v. *Willis,* 202 *Ga.* 463 (43 S. E. 2d, 691.) In the case last cited, attention was called to the constitutional mandate that the citizen or his property be protected, and that this protection was not afforded when courts, by the appointment of receivers, deprived the citizen of the possession of his property where his right thereto had not been forfeited under some rule of law. The allegations of the amended petition here show that the action is a simple suit by a clerical employee for an alleged unpaid salary. The description of the employment shows unmistakably that the petitioner is entitled to neither a general laborer's lien, under Code § 67-1801, nor a special laborer's lien, under § 67-1802, since it is shown that no manual labor was involved. See *Bell* v. *Withers Cigar Co.,* 196 *Ga.* 48 (26 S. E. 2d, 260).

When given its most favorable construction in favor of the petitioner, the amended petition shows that equitable relief is sought because a number of other creditors have claims against the defendant, and the only complaint against the admitted lienholder, United Bonded Warehouse Inc., is that its sale, pursuant to and in virtue of its right under the Uniform Warehouse Receipts Law, would result in realizing a smaller amount upon

the sale of the property by public sale than could be obtained at a private sale. Upon this ground alone the petitioner successfully sought and obtained court interference with the plain legal right of the lienholder. By that action the court simply deprived this party of rights conferred upon it by the law of this State. Code (Ann. Supp.), § 111-435 (Ga. L., 1937-38, Ex. Sess., pp. 390, 403). In this situation the lienholder petitioned the court to dissolve the ex parte injunction and discharge the receiver, pointing out that it had a lien for accumulated storage charges amounting to $2365.93, and that the property which it held and was undertaking to sell was insufficient in value to pay the amount of its claim; that storage charges on the property were accumulating at the rate of $145.24 per month, and all such accumulative charges would be a total loss to the warehouse company; and that any expense of a receiver charged against the property would, in reality, be a charge against the warehouse company. These facts, being undisputed, were sufficient under the law to demand an order dissolving the injunction, discharging the receiver, and relieving this party of any liability for costs in connection with the suit. Instead of so ordering, the court appointed an auditor, although there was nothing in the pleadings to indicate any complicated or involved accounts or facts that would justify the appointment of an auditor. In Carr v. Walker, 205 Ga. 1 (52 S. E. 2d, 426), this court indicated its disapproval of referring simple cases to an auditor, which involves complicated procedure and added costs. There no exception was made to the appointment of an auditor, but here exceptions pendente lite were filed to the appointment of the auditor. The exception here is meritorious. There was no justification whatever for referring this simple suit on an open account to an auditor, and litigants' property can not be confiscated by such unnecessary expenses. This plaintiff in error was, without any lawful reason, deprived of its plain right under the law to protect itself against loss of storage charges and compelled to sustain a loss of approximately $1900 in storage charges; and, by the decree excepted to, the court imposed upon it a further loss of $542.50 in receiver's charges plus court costs and $68 as auditor's expenses.

This injury was imposed in virtue of a petition wherein the

petitioner made no claim against this party, charged it with no misconduct or fault, but alleged simply that, if it was permitted to complete its sale in compliance with the law, the property would not sell for as much as could be obtained by private sale. The General Assembly of this State, in enacting the Uniform Warehouse Receipts Law, in the exercise of its power, declared by law that it was proper and wise that public sales, as therein provided, be made instead of private sales. By that enactment the manner of sale was put beyond the lawful reach of other creditors or even the courts to alter. No expenses of the petitioner's suit, including receiver's and auditor's fees, which in no wise benefited this lienholder, can be lawfully charged against the funds until this lien has been satisfied. *Lewis* v. *Edwards,* 92 *Ga.* 533 (17 S. E. 920) ; *Lowry Bkg. Co.* v. *Atlanta Piano Co.,* 95 *Ga.* 146 (22 S. E. 42) ; *Bradford* v. *Cooledge & Bro.,* 103 *Ga.* 753 (30 S. E. 579) ; *Macon Savings Bank* v: *Carter,* 107 *Ga.* 778 (33 S. E. 679) ; *Garmany* v. *Lawton,* 124 *Ga.* 876 (53 S. E. 669) ; *Peninsular Naval Stores Co.* v. *Culbreth,* 162 *Ga.* 474 (134 S. E. 608) ; *Zachry* v. *Industrial Loan &c. Co.,* 182 *Ga.* 738 (186 S. E. 832) ; *Mendenhall* v. *Stovall,* 191 *Ga.* 452 (12 S. E. 2d, 589). The error in overruling the motion of the plaintiff in error to dissolve the injunction and in appointing an auditor rendered nugatory all subsequent proceedings. *Bush* v. *Murphey & Co.,* 113 *Ga.* 345 (38 S. E. 828) ; *Howell* v. *Jackson,* 171 *Ga.* 245 (155 S. E. 26). And it follows that the portion of the final decree directing payment of any expenses or costs from the funds arising from the sale of property on which the plaintiff in error had a lien, and directing the plaintiff in error to pay certain costs, was erroneous; and direction is given that the decree be modified to direct the payment of the full proceeds of the sale to the plaintiff in error upon its lien for storage.

■ But counsel for the defendant in error insist that, irrespective of the rulings complained of in the exception pendente lite, this court should affirm the final decree, which is in complete accord with the auditor's report, because no exceptions were filed within the time allowed by law to the report of the auditor. The law requires exceptions to an auditor's report, and when not excepted to within the time provided by law the report becomes final and binding. Code, §§ 10-301, 10-407; *Merchants*

*Nat. Bank* v. *Armstrong,* 107 *Ga.* 479 (33 S. E. 473); *Lefkoff* v. *Sicro,* 193 *Ga.* 292 (18 S. E. 2d, 464); *Carr* v. *Walker,* supra. However, as ruled in *Bush* v. *Murphey & Co.,* supra, and *Howell* v. *Jackson,* supra, when the court errs in referring a case to an auditor all subsequent proceedings become nugatory. In those cases it is true that exceptions were filed to the auditor's report, but such exceptions were unnecessary, since the order of reference was reversed. By reversing the order appointing an auditor the foundation of all subsequent proceedings is thereby destroyed and such proceedings, being the superstructure, must meet the same fate as the foundation upon which they rest. A reversal of the order referring the case to an auditor is tantamount to holding that no auditor lawfully existed and, hence, that the purported auditor's report was a nullity, in that the person making the same had no official status and was without jurisdiction.

■ Counsel for the defendant in error make the contention that, because this plaintiff in error, after having been made a party defendant by an ex parte order and in response to an order of the court to set up its claim or be forever barred, set up its lien and prayed that it be declared a prior lien and consented to a sale by the receiver—thereby acquiescing in and becoming a party seeking relief—is estopped to deny liability for expenses and costs of the proceedings. Confronted with a seizure by the receiver, under an order of the court, of the property upon which it held a lien, and with the failure of the receiver to sell the same while the plaintiff in error, in the meantime, was sustaining a dead loss of $145.24 per month in storage charges on the property—the plaintiff in error did consent to a sale by the receiver without prejudice, and was fully justified in thus seeking to protect itself as best it could against the continuing losses caused by the failure to sell the property. *Georgia Veneer &c. Co.* v. *Florida Nat. Bank,* 198 *Ga.* 591 (32 S. E. 2d, 465). This plaintiff in error was unquestionably entitled, as held above, to the full proceeds from the sale of the property in question. Therefore it surrendered no rights to complain and have reviewed that part of the decree awarding a portion of the funds to others, and that part requiring it to pay $68 of the auditor's expenses, by accepting the balance of the fund which was awarded to it by the decree. There is no

636

exception to the part of the decree favorable to the plaintiff in error.

*Judgment reversed with direction. All the Justices concur.*