UNITED BONDED WAREHOUSE INC. *v.* JACKSON *et al.*

HAWKINS, Justice. 1. This is the second appearance of this case in this court. For a full statement of the nature and facts of the case see *United Bonded Warehouse* v. *Jackson*, 207 *Ga.* 627 (63 S. E. 2d, 666). The exception now before this court is to the refusal of the trial judge, after the return of the remittitur to that court, to assess against the parties who voluntarily filed interventions in the cause the amount of $1955.55, claimed by United Bonded Warehouse as receiver's expense for storage charges on the furnaces of the defendant, Calimode, Inc., for the period from the appointment of the receiver to the sale of said furnaces by the receiver, it appearing from the record that the amount realized from the sale of the furnaces by the receiver was insufficient to discharge the lien of the warehouse company which had accrued prior to the receivership, and to which receivership proceeding it had objected at all times. *Held*:

1. Where a receiver is appointed for goods which are stored in a warehouse, such goods are in the possession of the receiver, and the custody of the property by the receiver of the court is the custody of the court, and a failure of the warehouseman to recognize such possession by the receiver and by the court would subject it to attachment for contempt. *Coker* v. *Norman*, 162 *Ga.* 351 (133 S. E. 740); Wood *v.* National Corporation, 265 Fed. 791; 53 C. J. 93, § 117; 45 Am. Jur. 146, § 176. Where such a receiver appointed by the court is directed to take

charge of the property which is in storage in a warehouse subject to storage charges in favor of the warehouseman, and the receiver, with knowledge of such charge for storage, permits the goods to remain in the warehouse, he is liable for the storage charges stipulated by the terms of the storage contract during the period of his possession as part of the expenses of the receivership. 53 C. J. 154, § 192; Spencer *v.* World's Columbian Exposition, 163 Ill. 117 (45 N. E. 250); Link Belt Machinery Co. *v.* Hughes, 174 Ill. 155 (51 N. E. 179). Under such circumstances, the rule that a contract made by a receiver must have the approval of the court appointing him (*Anderson* v. *Fidelity & Deposit Co. of Baltimore,* 100 *Ga.* 739, 742, 28 S. E. 463; *Ricks* v. *Broyles,* 78 *Ga.* 610, 3 S. E. 772) has no application.

2. Under the rules of equity pleading, parties having claims against property in the hands of a receiver are admitted as intervenors upon their own application as parties plaintiff, only upon condition that they aver a willingness to bear their portion of the expense of litigation. This is the condition upon which they are admitted as parties upon their own prayer, and being so admitted, courts of equity have power to tax them with their pro rata share of the expenses of litigation. *Lowry Banking Co.* v. *Atlanta Piano Co.,* 95 *Ga.* 146, 148 (22 S. E. 42); *Zachry* v. *Industrial Loan & Investment Co.,* 182 *Ga.* 738, 742 (186 S. E. 832). "An intervening creditor in an equitable suit takes the pleadings as made by the original party as he finds them when made a party thereto." *Booth* v. *State,* 131 *Ga.* 750 (4) (63 S. E. 502).

3. It is the general rule that, where the appointment of a receiver is without legal authority, improper, or inequitable, the parties at whose instance the receiver was appointed, and not the receivership fund, are liable for the expenses of the receivership, and parties who avail themselves of the advantages of an existing receivership to preserve the property subject to their claims must contribute toward the expenses of the receivership. *Bradford* v. *Cooledge,* 103 *Ga.* 753 (3) (30 S. E. 579); *Garmany* v. *Lawton,* 124 *Ga.* 876, 883 (53 S. E. 669); 53 C. J. 307, § 507; *Morgan* v. *Boyles,* 169 *Ga.* 743 (151 S. E. 366). See also annotations in 68 A. L. R. 883; Bellamy *v.* Washita Valley Telephone Co., 25 Okla. 18 (105 Pac. 340, 25 L. R. A., N. S., 412).

4. Where, as in this case, a warehouseman is made a defendant in an action seeking to place property upon which it holds a warehouseman's lien in the hands of a receiver, and is involuntarily prevented from foreclosing its lien, and does no more than contest the appointment of a receiver, it is not liable for the costs or expenses of the proceeding, and we so held when this case was formerly before us. *United Bonded Warehouse* v. *Jackson,* 207 *Ga.* 627 (63 S. E. 2d, 666).

5. The plaintiff in error is not concluded by the former judgment of the trial court in this case, for the reason that everything which took place following the erroneous appointment of a receiver and auditor was nugatory. *United Bonded Warehouse* v. *Jackson,* supra.

6. The ruling and judgment of the trial court, refusing to tax the warehouse charges on the property in the hands of the receiver, covering the period between the appointment of the receiver and the sale of the property by the receiver, against the losing party plaintiff and inter-

venors, was in effect awarding this expense of the receivership against the warehouseman, which is contrary to the former decision in this case, and the authorities above cited, and was therefore erroneous.

*Judgment reversed. All the Justices concur.*

No. 17645. SUBMITTED OCTOBER 10, 1951—DECIDED NOVEMBER 15, 1951—REHEARING DENIED NOVEMBER 28, 1951.

*T. B. Higdon,* for plaintiff.

*John Kirby, Marvin G. Russell, Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Louis D. Yancey Jr., Arnall, Golden & Gregory,* and *Stanley P. Meyerson,* for defendants.