**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 9, 2026**

# In the Court of Appeals of Georgia

A25A1588. A & M HOSPITALITIES, LLC et al. v. ALIMCHANDANI et al.

GOBEIL, Judge.

This is the fifth appearance of this case before this Court in this protracted dispute involving the dissolution of a partnership. See *A&M Hospitalities, LLC v. Alimchandani*, 373 Ga. App. 704 (908 SE2d 741) (2024) ("*Alimchandani IV*").[1] In our most recent opinion, *Alimchandani IV*, we reversed an order from the trial court that directed the appointed receiver, Michael Lambros, be paid from the property that was held in receivership. 373 Ga. App. at 711(1)(b). Upon remand, the trial court issued a

---

[1] See also *A&M Hospitalities, LLC v. Alimchandani*, 351 Ga. App. 310 (828 SE2d 615) (2019) ("*Alimchandani I*"); *A&M Hospitalities, LLC v. Alimchandani*, 359 Ga. App. 271 (856 SE2d 704) (2021) ("*Alimchandani II*"); *A&M Hospitalities, LLC v. Alimchandani*, 363 Ga. App. 531 (871 SE2d 290) (2022) ("*Alimchandani III*").

final order in which it declined to order Lambros to pay back $2.1 million in fees paid to him despite the fact that the orders appointing Lambros as receiver were later voided.

JDS&J Enterprises, LP, David Motley, Jane Motley, Motmanco, Inc., Motmanco, LLC, JPM Advertising, Inc., and DJ Land & Development, LLC (collectively, the "Defendants"),[2] now appeal from the trial court's final order, arguing that the court erred when it failed to carry into full effect this Court's ruling in *Alimchandani IV*.[3] For the reasons that follow, we now vacate the trial court's opinion and remand for further proceedings not inconsistent with this opinion.

A detailed account of the facts and procedural history of the underlying dispute between the parties can be found at *Alimchandani IV*, 373 Ga. App. at 704–09. As relevant here, Prenita Alimchandani was a minority owner of A&M Hospitalities, LLC ("A&M"), a company created for the purpose of operating a hotel. Id at 705. In October 2017, Alimchandani filed suit against some of the defendants, seeking the

---

[2] A&M Hospitalities, LLC did not join the other defendants in filing an appellate brief in the instant appeal. Appellee Prenita Alimchandani has not filed a response brief.

[3] We granted Lambros's motion to intervene and he later filed a response brief.

judicial dissolution of A&M, and raising claims for breach of fiduciary duties and violations of Georgia's Racketeer Influenced and Corrupt Organizations Act, OCGA § 16-14-1 et seq. Id. At the same time that Alimchandani filed her complaint, she also filed a motion for an appointment of a receiver, alleging that she would be "subjected to immediate and irreparable injury, loss and damage" if A&M was not placed in a receivership." Id. at 705–06.

The case proceeded to arbitration based on A&M's Operating Agreement, after which an arbitrator found in the defendants' favor on all claims and awarding those defendants damages and attorney fees. *Alimchandani IV*, 373 Ga. App. at 706. We later affirmed the confirmation of the arbitrator's judgment in *Alimchandani II*. See *Alimchandani IV*, 373 Ga. App. at 708.

Alimchandani filed a second amended complaint which added the remaining defendants and raised additional claims. *Alimchandani IV*, 373 Ga. App. at 706–07. Although allowed to proceed on the second amended complaint by the trial court, this Court later declared it barred by res judicata (due to the arbitration proceedings) in *Alimchandani III*. See *Alimchandani IV*, 373 Ga. App. at 709.

On October 1, 2020, the Defendants filed a motion to disqualify and recuse the trial court judge. *Alimchandani IV*, 373 Ga. App. at 707. On November 13, 2020, the trial court denied this motion without assigning it to another judge for consideration. Id. After denying the Defendants' motion to recuse,

> [o]n January 26, 2021, the trial court appointed a receiver, Michael Lambros, to oversee A&M's assets, accounts, and all other interests currently owned by A&M, including all of its subsidiaries and to turn over to him all assets, wherever located, in their entirety and unaltered, including but not limited to A&M's hotels, properties, assets, M3 accounting software, documents, books and records, checks, certificates of deposit, financial statements, bank accounts, financial instruments, money, receivables, keys to any and all security boxes and the exact location of said security boxes, and equipment.

> In the order, the trial court concluded that there is a clear and urgent need for a receiver because there is a significant risk that A&M's corporate assets, which are 25 percent owned by the plaintiff will be dissipated, noting a prior $6 million transfer from A&M to defendants MotmanCo. and JDS&J. The [D]efendants filed a notice of appeal on January 29, 2021.

Id. at 708.

In *Alimchandani III*, "we concluded that the trial court erred by failing to reassign the motion to recuse to another judge, and we remanded the case with direction that the case be reassigned to a new judge." *Alimchandani IV*, 373 Ga. App. at 709. We stated that "the case was now over, with the exception of determining fees for [Christopher] Cohilas[4] and the special master, and that all orders issued subsequent to the order denying the [D]efendants' motion to recuse, including the order appointing a receiver, were void based on our conclusion that the plaintiff's [second amended complaint] was barred by res judicata." Id. at 709 (quoting *Alimchandani III*, 363 Ga. App. 531, 543(3) (871 SE2d 290) (2022)) (citation modified).

> On remand [from *Alimchandani III*], Lambros filed a motion for direction, requesting direction as to whether he should continue to act as the receiver pending the Supreme Court of Georgia's resolution of Alimchandani's petition for certiorari [in *Alimchandani III*], and the trial court entered an order directing Lambros to maintain the status quo of the receivership and act as a receiver until the court received the remittitur. The [D]efendants later moved for entry of final judgment, for Cohilas, Lambros, and Alimchandani to repay the money they received

---

[4] In July 2018, the trial court appointed Cohilas as "receiver" in order to conduct an audit and discovery. *Alimchandani IV*, 373 Ga. App. at 706.

from A&M, and for costs to be taxed against Alimchandani. The court entered a final order directing the [D]efendants to make final payments from the property held in the receivership to Cohilas and Lambros, taxing $26,984.50 in costs against Alimchandani, and directing Lambros to pay A&M bank accounts into the court registry and for 25 percent of those funds to be paid to Alimchandani. The court declined to order Cohilas and Lambros to return any funds.

*Alimchandani IV*, 373 Ga. App. at 709.

The Defendants appealed, and in *Alimchandani IV*, this Court held that the trial court lacked jurisdiction to enter the order directing Lambros to maintain the status quo as receiver in light of this Court's holding in *Alimchandani III*. 373 Ga. App. at 709–11(1)(a). Additionally, because his appointment was void, we held that the court further erred by ordering that Lambros be paid from the property that was held in the receivership. Id. at 711(1)(b).

The Defendants filed a motion for reconsideration in *Alimchandani IV*, requesting that this Court add the following sentence to our opinion: "The trial court is instructed to order Lambros to return to A&M all funds paid from A&M to The Lambros Firm LLC, and to order Cohilas to return to A&M all funds paid from A&M to Watson Spence LLP for work performed after *Alimchandani II*." The Defendants

explained that this addition would "give full effect to this Court's compensation rulings and leave nothing to chance that the trial court will again evade this Court." This Court denied the MFR, but issued a substitute opinion. The Court added the following sentence at the end of the paragraph wherein we found that because Lambros's appointment was void, the trial court erred by ordering that Lambros be paid from the property that was held in the receivership: "And in light of this conclusion, it necessarily follows that the [D]efendants are entitled to reimbursement of any funds that they paid to Lambros from the receivership property, and any funds that they paid to Lambros for his receiver fees." *Alimchandani IV*, 373 Ga. App. at 711(1)(b).

Upon remand, the Defendants filed a "motion for entry of judgment carrying into full effect the ruling of the Georgia Court of Appeals regarding Michael Lambros," in which they sought reimbursement of the fees paid to Lambros from the receivership property. The Defendants represented that "[a]ll that remains for [the trial court] to do is to implement [the] decision and direction of the Court of Appeals [in *Alimchandani IV*] by entering judgment ordering Lambros to reimburse to [A&M] all the funds that it paid to Lambros, including, but not limited to his receiver fees."

The Defendants sought reimbursement of approximately $2.1 million previously paid to Lambros through his law firm, The Lambros Firm LLC.

Lambros opposed the motion, arguing that the Defendants had misconstrued the holding of *Alimchandani IV*. Lambros acknowledged that this Court found that his appointment was void, that it was error for the trial court to order that he be paid from the property held in the receivership, and that the Defendants were entitled to reimbursement. However, Lambros noted that *Alimchandani IV* was silent as to which party was responsible for reimbursing the Defendants for the fees paid to him. Additionally, Lambros highlighted that this Court had declined to adopt the Defendants' requested language in the substitute opinion ordering him to return the money he received from the receivership property. And finally, Lambros argued that it would be unjust and unfair to make him shoulder the entire cost of the receivership, where he had partly used the fees paid to him to pay managers, attorneys, and other professionals to help run A&M's business while he performed his duties under the assumption that he was a duly appointed receiver.

On March 5, 2025, the trial court entered an order denying the Defendants' request "to claw back the amounts paid to former receiver [ ] Lambros for services

provided to the receivership estate." Citing *United Bonded Warehouse v. Jackson*, 208 Ga. 552 (67 SE2d 761) (1951), the court stated that "where the appointment of a receiver is without legal authority, improper, or inequitable, the parties at whose instance the receiver was appointed and, not the receivership fund, are liable for the expenses of the receivership[.]" The court explained:

> As previously ruled, and as affirmed by the Court of Appeals, the receivership statute mandates that Mr. Lambros be paid for his services and sets the amount, but it does not provide for any mechanism for this [c]ourt to claw back compensation already paid to him as receiver. Accordingly, there is no authority allowing [the] Defendants the remedy they seek, and this [c]ourt declines to exceed its power and arrogate to itself the power of the legislature to make a new law on this point. To the extent [the] Defendants have a remedy, it is solely against [Alimchandani].

The instant appeal followed.[5]

---

[5] In *Alimchandani IV*, this Court held that the Defendants failed to show error in regard to the trial court's reappointment of Cohilas as an auditor, but the court erred in awarding fees to Cohilas from the property held in receivership, to the extent that the fees were for the entirety of the work Cohilas performed in this dispute. 373 Ga. App. at 711–13(2). We remanded for the trial court to determine the appropriate fees to be paid to Cohilas for the work he performed during the time he validly served as an auditor before the reversal of the order appointing him as an auditor. Id. at 713(2). On remand, the trial court ordered Alimchandani and her counsel to reimburse A&M the sum of $61,303.40 within thirty days of the entry of the court's order. The

On appeal, the Defendants argue that the trial court "gravely erred" when it failed to carry into full effect this Court's ruling in *Alimchandani IV* by refusing to order Lambros to reimburse the funds paid to him from receivership funds under orders that were later voided. They assert that the court "manipulated" the language in *Alimchandani IV* to "produce a desired outcome."

"When any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof." OCGA § 9-8-1. A trial court has the discretion to grant the receiver the necessary powers to do the job that he or she has been properly appointed to do. *Nayyar v. Bhatia*, 348 Ga. App. 789, 790(1) (824 SE2d 675) (2019). The court also has the authority to "regulate the compensation paid to the receiver," and should award "such compensation to the ... receiver or receivers appointed thereunder as their services are reasonably worth." OCGA §§ 9-8-10, 9-8-13(c).

The present appeal hinges on the following language in *Alimchandani IV*:

Defendants do not raise any arguments pertaining to the court's ruling with respect to Cohilas in their appellate brief.

10

Because we determined that Lambros'[s] appointment was improper, Lambros was not entitled to any compensation from the property that was held in the receivership, and thus the trial court erred by ordering for him to be compensated from this property. And in light of this conclusion, it necessarily follows that the defendants are entitled to reimbursement of any funds that they paid to Lambros from the receivership property, and any funds that they paid to Lambros for his receiver fees.

373 Ga. App. at 711(1)(b). The Defendants maintain that this Court's directive in *Alimchandani IV* was clear: Lambros is not entitled to any compensation as his appointment was made under void orders, and Lambros is required to reimburse the Defendants for any fees paid. They contend that the trial court's "years-long pattern of error and defiance" in the underlying dispute must be corrected, which has permitted Lambros to "hang on to $2.1 million of A&M's money for years."

Contrary to the Defendants' assertion, our opinion in *Alimchandani IV* did not explicitly order or direct Lambros to pay back any fees he received from the receivership property. As noted above, *Alimchandani IV* outlined that Lambros was not entitled to any compensation paid from property of the receivership and A&M was entitled "to reimbursement of any funds that they paid to Lambros from the

11

receivership property, and any funds that they paid to Lambros for his receiver fees." 373 Ga. App. at 711(1)(b). The opinion, however, is silent as to which party is responsible for repayment of any fees paid to Lambros. The Defendants maintain that "reimbursement" means that the recipient must repay the money paid, and if this Court had intended for a third party, such as the plaintiff (Alimchandani) to pay back the fees paid to Lambros, the Court would have used the word "indemnification" in *Alimchandani IV*. They allege the trial court's use of the phrase "claw back" rather than "reimburse" was a failed attempt to "circumvent" our directive in *Alimchandani IV* for Lambros to repay any fees paid.

As a starting point, "[d]ictionaries may supply the plain and ordinary meaning of a word." *Kelley v. Cincinnati Ins. Co.*, 364 Ga. App. 612, 617(1)(c)(i) (876 SE2d 51) (2022). The dictionary definition of "reimburse" is "to pay back to someone" and "to make restoration or payment of an equivalent to."[6] And the word "indemnify" means "to secure against hurt, loss, or damage" and "to make compensation to for

---

[6] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/reimburse (visited Jan. 12, 2026).

incurred hurt, loss, or damage."[7] Contrary to the Defendants' interpretation, the

word "reimburse" is not necessarily limited to repayment by the recipient, but could

also refer to repayment by a third party.

In its order, the trial court relied on *United Bonded Warehouse* to conclude that

it lacked the authority to "claw back" any compensation already paid to Lambros as

a receiver. 208 Ga. at 553(3). In that case, the Supreme Court of Georgia explained

that

> where the appointment of a receiver is without legal authority, improper,
> or inequitable, the parties at whose instance the receiver was appointed
> and, not the receivership fund, are liable for the expenses of the
> receivership, and parties who avail themselves of the advantages of an
> existing receivership to preserve the property subject to their claims
> must contribute toward the expenses of the receivership.

Id. The Defendants counter that *United Bonded Warehouse* is inapplicable because the

issue of reimbursement was not at issue in that case, as no expenses were ever paid to

the receiver, and the Defendants are not seeking reimbursement from "the

impecunious Plaintiff," Alimchandani. They also assert that it would be unjust to

---

[7] M e r r i a m - W e b s t e r   D i c t i o n a r y ,
https://www.merriam-webster.com/dictionary/indemnify (visited Jan. 12, 2026).

allow Lambros to keep all the fees that have been paid. In so arguing, the Defendants cite to *Beach v. Macon Grocery*, wherein the Fifth Circuit stated that "where the receiver has been wrongfully appointed, and the order subsequently vacated, it would be more equitable that the receiver himself should sustain the loss or expenses of the receivership paid by him than that they should be taxed to the successful defendants." 125 F 513, 517 (5th Cir. 1903).

In *Beach*, the Fifth Circuit Court reiterated that if a receiver is erroneously appointed, and the adverse party successfully contests the appointment, the compensation due to the receiver and his expenses incurred in the administration of the estate "should be taxed to the parties who have applied to have the appointment made." Id. at F 515. In that case, which arose in the context of a bankruptcy proceeding, the receiver took possession of certain cattle, horses, and hogs, and incurred $325 in expenses for caring for and feeding the stock pending sale. Id. at F 513–14. After overturning certain orders, including the one appointing the receiver, the district court directed the receiver to turn over the property. Id. at F 514. The question at issue in *Beach* was whether the receiver could retain $325 in expenses. Id.

at F 514–15. The Fifth Circuit found that the receiver had no right to retain the amount paid in expenses, explaining that the property

> having been taken from the defendants against their consent under an erroneous order, which they resisted successfully in an appellate court, the only proper course is to return the property without charge of any kind against it or against the successful defendants. The defendants should be put in their former condition as nearly as possible. Instead of any sum being taxed against the defendants under such circumstances, they would be entitled in some jurisdictions to recover damages, in a proper action, for being deprived of the use of the property. The petitioners who instituted the proceedings and secured the appointment of a receiver are properly and equitably chargeable with the costs and expenses incurred by their wrongful application. In the event of their insolvency, any expenses incurred by the receiver should fall on him, and not on the defendants. He need not become receiver unless he chooses, or he may require a bond of indemnity before accepting the position. In a case, therefore, where the receiver has been wrongfully appointed, and the order subsequently vacated, it would be more equitable that the receiver himself should sustain the loss or expenses of the receivership paid by him than that they should be taxed to the successful defendants.

Id. at F 517. The receiver was therefore directed to turn over all the sale proceeds from the seized property (including his expenses in storing the property). Id. However, unlike the situation before us, *Beach* did not involve or address any compensation or

fees paid to the receiver for his services, as opposed to just expenses incurred in managing the receivership property. Further, *Beach* is not binding on this Court.

We have found limited case law to address the question before us. Receivership cases typically distinguish between proper and invalid or void receiverships. In *Atlanta Trust Co. v. Chapman*, the U. S. Supreme Court considered a dispute where a complainant in a mortgage foreclosure lawsuit was held personally responsible for expenses incurred by the appointed receiver. 208 US 360, 364 (28 SCt 406, 52 LE 528) (1908). The Court reversed, rejecting the receiver's petition to impose liability onto the plaintiff and held that ordinarily expenses and fees of a receivership estate are to be paid from the property or fund that is subject to the receivership. Id. at 376–78. In a typical scenario, where the receiver has been properly appointed, if the receivership estate has insufficient funds, a receiver is not allowed to automatically hold the party who requested the receiver's appointment personally liable for the expenses and fees.[8] Id. at 370–73. In atypical circumstances, cases may arise in which, because of the special circumstances, it is equitable to require the parties, at whose

---

[8] The Court reasoned that the person in the best position to know if the receivership is likely to have insufficient funds is the receiver him/her self. *Atlantic Trust Co.*, 208 US at 373.

instance a receiver of property was appointed, to meet the expenses of the receivership, when the fund in court is ascertained to be insufficient for that purpose. Id. at 375. Compare *Richey v. Brett*, 112 Ohio. St. 582, 587–88 (148 NE 92) (1925) (ordinarily, the expenses of a receiver are payable out of "the corpus of the property" and parties who invoke the jurisdiction and process of a court for the appointment of a receiver do not become personally liable for the compensation of the receiver and the expenses in the absence of special circumstances calling for the application of "equitable considerations"), with *Wiley v. Sclafani*, 943 SW2d 107, 110-11 (Tex. App. 1997) (finding that the receiver had no right to compensation arising out of a void receivership, the appellate court affirmed the trial court's ordering that appellee "pay the receivership fees, rather than compelling payment from the receivership funds").

In the instant case, this Court previously held that the trial court's orders appointing Lambros as receiver and directing him to maintain the status quo were void, and thus the trial court erred by ordering that Lambros be paid from the property that was held in the receivership. *Alimchandani IV*, 373 Ga. App. at 711(1)(b). Given this holding, which constitutes the law of the case,[9] we vacate the trial court's order

[9] "Under the 'law of the case' doctrine, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case

17

and remand with instructions (as specified in the following paragraph) for the trial court to direct the plaintiff (Alimchandani), as the party who requested a receiver, to pay the Defendants for "funds that they paid to Lambros from the receivership property, and any funds that they paid to Lambros for his receiver fees." Id.; see also *United Bonded Warehouse*, 208 Ga. at 553(3); *Richey*, 112 Ohio St. at 587 (where "there has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right, in all such instances the plaintiffs in the action may be held personally responsible for deficiencies").

On remand, the trial court should first consider whether the fees paid to Lambros are commensurate to what his "services are reasonably worth." OCGA § 9-8-13(c). The court should then assess Alimchandani's financial solvency to pay the Defendants and "[i]n the event of [Alimchandani's] insolvency, [whether] any expenses incurred by [Lambros] should fall on him, and not on the [D]efendants." *Beach*, 125 F at 517. See also *Prudential Ins. Co. of Am. v. Byrd*, 188 Ga. 527, 533(3) (4

in the lower court and in the Supreme Court or the Court of Appeals as the case may be." *Southern States Chem. v. Tampa Tank & Welding*, 316 Ga. 701, 716(3) (888 SE2d 553) (2023) (citation and quotation marks omitted).

18

SE2d 175) (1939) ("[A]s a general rule the costs, expenses, and disbursements incurred by a receiver whose appointment was improvidently and erroneously made will, upon equitable principles, be charged by the court making the appointment against the property to the extent that they have inured to its benefit.). If the trial court needs supplemental evidence to determine the issue, it may hold a hearing.

*Judgment vacated and case remanded with direction. Rickman, P. J., and Davis, J., concur.*