No. 94.—SMITH L. TERRELL, plaintiff in error, *vs.* A. B. GODDARD, defendant in error.

[1.] As a general rule, each partner has an equal right to the possession of the copartnership effects. And if, upon a dissolution, they cannot agree as to the disposition of them, and one keeps, or endeavors to keep, the others from the possession or application of the same, a Court of Equity may appoint a receiver to collect and apply these effects.

[2.] But where the complainant does not clearly show that the defendant, his partner, is disposing of the effects contrary to his expressed wishes, or that he (the complainant) has offered to take any part in the disposition of the same, and that he has been opposed by the defendant; and where the defendant alleges the contrary of all this in his answer, without further proof, a Court of Equity should not appoint a receiver and take such effects from the control and disposition of the defendant.

In Equity, in Bibb Superior Court. Tried before Judge POWERS, May Term, 1855.

This bill was filed by William A. B. Goddard against Smith L. Terrell. The bill alleged, that on the 1st day of March, 1854, the parties entered into a co-partnership for carrying on a grocery eating establishment and billiard saloon, in the City of Macon; that complainant advanced $500 in cash; the defendant was to give his personal attention to the business, and receive one half of the profits, after complainant was re-imbursed the money he advanced; that certain arti-

Terrell *vs.* Goddard.

cles, implements and utensils, such as the counter, cooking and eating apparatus, purchased with the separate means of complainant, should not be regarded as part of the joint con-· cern; that complainant bought out a stock of goods and other effects used in a like business, from one John Barclay, amounting to some $2500—of which he paid, in cash, $500, and gave his notes, indorsed by Griffin McDonald, for the balance—one of which notes, for $771$\frac{16}{100}$, was paid off by McDonald, and which has not yet been paid off by complainant or the firm; that goods, to the amount of $20.000, had been bought and sold by the concern, at a profit of 25 per cent.; that a large sum had been realized from the billiard saloon and eating establishment; that at the time of the dis-· solution of the partnership, all the books, accounts, notes, &c. went out of possession of the complainant, into the hands· of defendant; and hence, he cannot annex a full schedule of sales and profits, &c.

The bill further charges, that complainant left the State in January, 1855, the stock and materials on hand being worth about $10.000, and notes, accounts, &c. amounting to some $5.000.

That on the 29th day of January, 1855, and soon after complainant left the State, the defendant, pretending that they had agreed to dissolve the partnership, published a notice to that effect, and sold and conveyed the stock of goods, &c. including the fixtures and articles belonging to the complainant individually; that there are debts outstanding against the firm, amounting to some $5.000; that the defendant made the assignment for his own benefit, and in fraud of the rights of complainant, and did not make any provision for the payment of the firm debts; that defendant has the possession of all the assets of said firm, and is using and appropriating them to his own use, and is insolvent; that he refused to pay the debts of the firm, or to render any account of the assets to complainant; that in the summer of 1854, defendant took with him $1000 to New York, with which to

buy goods, but has never accounted with complainant con-- cerning the same.

The bill prayed that the said Terrell be enjoined from further using the partnership name, in settling the affairs of the firm; that a receiver be appointed to take charge of the assets, pay off the debts of the firm, refund to complainant the sum advanced by him before the defendant be allowed any thing as profits of the said partnership.

On the 22d day of March, 1855, Judge Powers granted the injunction prayed for in the bill, and appointed Griffin McDonald receiver.

The defendant answered the bill—in which he admitted the partnership between the parties; that complainant bought the stock of goods, &c. of Barclay, for about $2000, paying $800 in cash, and giving his individual notes, with McDonald as indorser, for the balance; that when the first note, about $673, fell due, complainant having no money, the same was paid with the funds of the firm, and the note was to be held as partnership property. Defendant is unable to state the amount of profits realized from the concern. Complainant left the State, as charged in the bill, for the reason, that he was guilty of a crime involving his life, and that he is now a fugitive from justice; that complainant took and carried away with him various papers. such as invoices, bills and the $771 note belonging to the firm. The answer charges that the firm is insolvent, by some $1000 or $1500; defendant denies that he is appropriating the assets of the firm to his individual use; that after the commission of the act or crime alluded to by the complainant, the defendant sold out the stock of goods, &c. to Henry L. Ells, for $2000, for the benefit of the firm, to which course he was advised by the complainant. The answer denies that complainant had or owned any fixtures or articles in the said establishment, in his individual right. The defendant carried with him to New York about $900, which was expended for goods for said concern, and in payment of debts against the firm; the answer charges that complainant had used a large amount of the funds of the

concern, without accounting for the same. The answer charges that McDonald is a debtor instead of a creditor of complainant, and that they are combining and confederating to defraud the creditors of the firm.

Defendant prayed that the injunction might be dissolved, and the appointment of a receiver be annulled.

Upon the coming in of the answer, Counsel for the defendant moved the Court to dissolve the injunction and to annul the appointment of a receiver. The Court over-ruled the motion, and appointed a new receiver in the place of Griffin McDonald, upon the ground that he was an interested party, and defendant excepted.

Poe, Grier & Poe, for plaintiff in error.

Lanier & Anderson, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] We recognize the general rule, that each partner has an equal right to the possession of the partnership effects. And that if, upon a dissolution, they cannot agree as to the disposition of the same, and one of the partners keeps, or endeavors to keep, the other or others from the possession or application of these effects, a Court of Equity, upon bill filed, may appoint a receiver for the purpose of collecting unsettled accounts, and applying such effects.

[2.] But we think that the case made before us does not fall within this rule. The complainant does not even show, by his bill, that Terrell, the defendant in the Court below, is disposing of the effects of the firm, in opposition to his expressed wishes or views, or that by himself, agent or attorney, he has proposed to take part in the collection and application of these effects, and that he has been prevented from so doing by Terrell; or that Terrell has offered opposition to him in any manner. And the answer of Terrell denies that he is proceeding against the rights, or contrary to the inter-

ests, of the complainant, or that the latter has "made any de-mand upon him for any of the property of the firm, or his individual property."

Under these circumstances, and without other proof of mis-management by Terrell, or refusal, on his part, to allow the joint action of his partner, in receiving and disposing of the effects of this partnership, we do not see by what right a Court can proceed to take these effects from Terrell, and deprive him of all control in the winding up of his business; and therefore, we reverse the judgment of the Court on this ground.