JAMES DUNN, plaintiff in error, *vs.* McNAUGHT, ORMOND & Co., defendants in error.

In this case the owners of a farm placed a farmer upon it, under contract, to set-off the use of the farm against his skill and labor for five years, and the owners and tenant were to stock it on joint account, and divide the profits once a year, the owners to have the right to terminate the partnership on six months notice, if the farm failed to pay ten *per cent.* profit on the capital invested:

*Held,* That the bill and answers show that the farm has not paid ten *per cent.* to the owners on the capital advanced by them, and that the owners had a right, under the contract, to terminate the partnership by giving the six months notice, and that the Court did not err in granting an injunction, and appointing a Receiver to wind up the affairs of the partnership.

Equity. Appointment of Receiver. Decided by Judge PARROTT. Chambers. Bartow County. October, 1868.

For the facts in this case, see the opinion.

W. AKIN for plaintiff in error.

WM. J. WOFFORD for defendant in error

BROWN, C. J.

McNaught and others were the owners of a farm. Dunn was regarded a skillful farmer. It was agreed that he go upon the farm, and that his skill and labor be set-off against the use of the farm for five years, unless the term be shortened as thereinafter provided. He and the owners were to furnish and stock the farm at joint expense, and divide the profits equally, once a year. But if the investment should not prove profitable, the owners of the farm might terminate the partnership by giving Dunn six months notice. If, however the profits were ten *per cent.*, or over, on the capital invested, it was to be regarded as profitable; and the owners were to have no right to terminate the partnership. And, as Dunn could not furnish his half of the capital to equip and stock the farm, the owners agreed to advance $2,000 00, and such other sum, if any, as might be convenient for them voluntarily to advance, and Dunn was to allow them one *per cent.* a month on all such advances, as increase, till he might make an equivalent advance of stock or working capital. They were to allow Dunn the cost of removing himself, wife and four children from Canada West to Bartow county; and he was to have the use of the dwelling house, and all farm out—houses, firewood, orchard, garden, poultry, milk, butter and root crops, as much as was necessary for the use of his family, free of charge.

He was so to manage the land, both as to crops and culture, as to improve it, and the owners were to allow nothing for permanent improvements.

Under this contract, the land-owners charged that they have advanced, in 1866, 1867, 1868, between $6,000 00 and $7,000 00 to the farm. Defendant's books show that they have advanced over $6,000 00, and that he had contracted debts, for which he claims that the partnership is liable for about $600 00. The land-owners have received from the farm about $2,000 00, (they and Dunn do not agree as to the exact amounts,) and there are stock, crops, and other assets on the farm worth about $2,300 00.

From this statement, it seems very evident that the farm has not paid ten *per cent.* on the capital invested, and that the owners had a right, under the contract, to terminate the partnership by giving six months notice.

If Dunn has lost his labor, and received nothing but the support of his family from the farm, the owners have lost part of the capital paid in.    After a careful consideration of the case, we think that the Court did not err in granting an injunction, and appointing a Receiver to wind up the affairs of the partnership.    We regret the unfortunate results of Mr. Dunn's attempt to make his system of scientific farming profitable to himself and the owners of the farm.    But we have no power to relieve him, as we are satisfied, from the facts in the case, that the notice was authorized by the agreement entered into by the parties, and that it dissolved the partnership.

Judgment affirmed.