## Bliley v. Taylor.

Injunction and receiver.    Practice.

Lumpkin, J.—1. Where the evidence was conflicting, and no abuse of
discretion by the judge below in appointing a receiver appears,
this court will not disturb his judgment.

2. Where a receiver of the assets of a partnership was appointed, and
the failure of the judge to appoint a member of the firm such re-
ceiver is assigned as error, and it appears that no request or
prayer was made to him that such member should be so ap-
pointed, the propriety or impropriety of such failure is not before
this court for adjudication.    *Judgment affirmed.*
March 16, 1891.

After the decision delivered by Justice Simmons,
above reported, this case was again heard by Judge
Clarke, on November 22, 1890, and the same evi-

dence as already reported, with the following in addition, was introduced: The defendant testified that Taylor had taken no interest in the business, nor assisted in carrying it on since the 15th of May, 1890, and had not been about the place of business for over three months previous to the 22d of November, 1890; and that if the whole of the property, including the firm accounts, be sold by a receiver, the same will not sell for more than $900 or $1,000. The estimate of another witness was about $100 less. The defendant also submitted a statement which he swore to be a true and full account of the receipts and expenditures of the firm, taken from its books, to August 15, 1890, commencing January 22, 1890. This shows a total of charges for burial-cases, services, etc., amounting to $1,034.10, of which $646.10 had been collected and $484 remained due. Bills amounting to $660.57 had been paid to creditors, and $476.68 were due by the firm to divers creditors. Taylor is debited .to cash $33.90, and $14.47 are stated to be due Bliley. The estimated value of the business when Taylor purchased a half-interest, was $2,534.90; the increase of stock since the 22d of January, 1890, was $74.20; and the amount of cash in bank was $51.62. The items of the amounts due to and by the firm are given.

The judge passed an order enjoining the defendant from collecting the note. made to him by Taylor and from proceeding further with the business, and ordering that he turn over the possession of all the partnership property to W. F. Parkhurst, who is hereby appointed receiver and is authorized to proceed with the firm business, after giving a $2,500 bond. The defendant excepted to this judgment, because (1) the judge appointed a receiver, and (2) he appointed Parkhurst and not Bliley under proper bond.

O'Neill & Frazer, for plaintiff in error.

P. L. Mynatt, *contra*.