## RAY v. CARLISLE.

Even if the claims of the plaintiff were of such character that the property in controversy was either legally or equitably charged with their payment, the fact that the building is uninsured, and in the event of its destruction by fire the land could not be sold for a sum sufficient to pay the amount claimed by the plaintiff, does not constitute such a "manifest danger of loss or destruction" of the property as would warrant the appointment of a receiver to take charge of the same and impound the rents therefrom.

Argued March 20,—Decided May 14, 1906.

Petition for receiver.  Before Judge Pendleton.  Fulton superior court.  January 18, 1906.

Mrs. Carlisle purchased three certificates of the People's Home Purchasing Company, by means of which she expected to obtain a loan of $3,000 for the purchase of a home.  She made a contract for the purchase of a lot, for which she agreed to pay $735, and commenced the erection of a house thereon.  Ray furnished material used in the erection of the house, to the value of $929.71, and filed a materialman's lien therefor.  Mrs. Carlisle did not obtain the loan on the date she expected, and borrowed from Ray at different dates sums aggregating $510, which she expended in discharging the pay-rolls of the force employed upon her house. Afterwards the People's Home Purchasing Company loaned Mrs. Carlisle $735, which she paid to the owner of the lot, and a deed to her was executed by the owner.  There was evidence that the deed was delivered directly to Mrs. Carlisle, as well as evidence that it was delivered to the People's Home Purchasing Company

for her, with the agreement on her part to execute a mortgage thereon to secure the amounts advanced and to be advanced to her by that company. The deed was not recorded. At a later date the People's Home Purchasing Company loaned Mrs. Carlisle a further sum of $800, and took her receipt therefor, reciting that the amount was to be applied on the building, the lot having been paid for. The People's Home Purchasing Company went into the hands of a receiver, and Ray, under an order of court, purchased from the receiver the claims of the company against Mrs. Carlisle, amounting to $1,535. Ray brought suit to foreclose his materialman's lien for $929.71 against Mrs. Carlisle, in the city court of Atlanta, and also brought suit for the $510 advanced her for the purpose of meeting her pay-rolls. Thereafter he filed a petition to the superior court, alleging, that the claims above referred to were legal or equitable liens against the property, that Mrs. Carlisle was insolvent, that because of the litigation no fire insurance could be procured on the building, and, in the event the building was destroyed by fire, petitioner would have no remedy save against the land, and the land was not of sufficient value to pay the indebtedness with which it was charged; and prayed that a receiver be appointed to take possession of the property pending the litigation, that the rents therefrom be impounded, that his claims purchased from the People's Home Purchasing Company be declared valid; and that he have judgment for the amount of them against Mrs. Carlisle. The defendant, in her answer, admitted part of the indebtedness of $510, denied the existence of a lien for material, and denied her liability on the claims against her of the People's Home Purchasing Company, assigned to the plaintiff. After a hearing the court refused to appoint a receiver, and the plaintiff excepted.

*George Gordon* and *J. W. Moore,* for plaintiff.

*W. W. Haden* and *R. O. Lovett,* for defendant.

COBB, P. J. (After stating the foregoing facts.) The reason urged for the appointment of a receiver in this case is, that there is no fire insurance on the building, and, should the same be destroyed by fire pending the litigation, the land alone would not be of sufficient value to pay the indebtedness claimed by the plaintiff to be due him. By reason of this state of facts, it is contended that the court should have appointed a receiver to take charge of the property, and impound the rents, for the protection of the

plaintiff. Creditors can not force a debtor to take out fire insurance for the protection of his property, so that they may have security for their claims. And if their claims were such that the property were directly chargeable with them, and they were liens upon the property, its destruction by fire is too remote a contingency to warrant a court in exercising its extraordinary power of wresting the property from the owner and placing it in the charge of a receiver. It is claimed that the right to have a receiver appointed is given under that section of the Civil Code which reads as follows: "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested." §4904. We do not by any means undertake to declare that the claims of the plaintiff are such that the property in question is charged with their payment. From the record before us it does not clearly appear that the plaintiff has a lien for any of them. The evidence is such that the judge could have found that the plaintiff had no lien of any character. But granting that the plaintiff had a lien for all of his claims, there is no such manifest danger of the loss or destruction of the property as to authorize the appointment of a receiver. Of course there can be no loss of the land. It stands to discharge any judgment obtained by the plaintiff against the defendant, and the pendency of the suits practically prevents a disposal of it by the defendant. We think there is a very clear distinction between this case and those of *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628, *Sanford* v. *Fidelity and Guaranty Co.,* 116 *Ga.* 689, and *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597, which were relied on by the plaintiff in error. Under the view we have taken, it is not necessary to determine whether the claims of the People's Home Purchasing Company, assigned to the plaintiff, were equitable liens against the property. The court properly refused the receivership. Any error that may have been committed in the admission of evidence is not of such character as to require a reversal of the judgment.          *Judgment affirmed. All the Justices concur.*