## BISHOP *v.* PENDLEY *et al.*

FISH, C. J.   1. Where one partner brought an equitable petition against his two copartners, praying for the dissolution of the partnership for reasons set forth, for injunction restraining the defendants from continuing the partnership business, for the appointment of a receiver for all the partnership assets, for a full settlement of the partnership matters, and an accounting among the partners, claims growing out of individual transactions among the partners and having nothing to do with the partnership affairs, and held by the defendants or either of them against the plaintiff, could not be included in the partnership accounting, in the absence of an allegation and proof of the insolvency of the plaintiff, or other equitable reason why such individual claims should be included in such accounting.   30 Cyc. 688; Nims *v.* Nims, 23 Fla. 69 (1 So. 527); Looney *v.* Gillenwaters, 67 Tenn. 133 (2); Reid *v.* McQuesten, 61 N. H. 421; Berry *v.* Collier, 18 Ill. 98; Goldthwaite *v.* Day, 149 Mass. 185 (21 N. E. 359).

(*a*) Accordingly, in such a case as stated above, a claim set up by one of the defendants that he invested a given amount of his individual

money in another enterprise, being induced so to do by the promise of the plaintiff that he would take an interest in such other enterprise to the extent of one third of the amount so paid therein by such defendant, and would repay to the defendant one third of the amount so invested by him, and that the plaintiff failed to comply with his promise, could not be charged against the plaintiff in such an accounting.

(b) In view of the ruling above stated, the court erred in admitting the evidence set out in the first and second grounds of the amendment to the motion for new trial, and also in instructing the jury as complained of in the 3rd, 4th, 8th, 9th, and 10th grounds of the amendment to the motion for new trial.

2. Where the assets of a partnership have been placed in the hands of a receiver in a suit of the character referred to above, and they have been converted by him into money, no one of the partners is entitled to any portion of such fund until after all the debts of the partnership have been satisfied. The portion of the instruction on this subject complained of in the 5th ground of the amendment to the motion for new trial did not conform to this ruling.

3. In a case for an accounting, such as is indicated in the first headnote, partners are not entitled to charge each other, or the firm of which they are members, for their services in the care and management of the business of the partnership, unless there be a special agreement to that effect; or where such an agreement can be reasonably implied from the course of business between the partners. Caldwell *v.* Leiber, 7 Paige, 483, citing 19 Com. Law Rep. 157; 3 Ib. 433. The court erred in instructing the jury to the contrary, as set out in the 7th and 11th grounds of the amendment to the motion for new trial.

4. Other grounds in the amendment to the motion for new trial, not specifically dealt with, were without merit.

> *Judgment reversed. All the Justices concur.*
> SEPTEMBER 27, 1912.

Complaint. Before Judge Fite. Murray superior court. August 28, 1911.

*F. K. McCutchen* and *Maddox, McCamy & Shumate,* for plaintiff.

*W. C. Martin, C. N. King,* and *W. E. Mann,* for defendants.