## TEMPLEMAN *v.* TEMPLEMAN.

No. 8613. NOVEMBER 11, 1931.

*King & Partridge* and *Smith, Hammond, Smith & Bloodworth,* for plaintiff in error.

*B. L. Milling* and *Mitchell & Mitchell,* contra.

GILBERT, J. 1. "The power of appointing receivers and ordering injunctions should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Civil Code (1910), § 5477.

2. "The appointment of a receiver is a harsh remedy to which resort should not be had, except when the interests of creditors are exposed to manifest peril." *Dixon* v. *Tucker,* 167 *Ga.* 783 (1 *a*) (146 S. E. 736).

3. "The high prerogative act of taking property out of the hands of one, and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong imminently impending." *Crawford* v. *Ross,* 39 *Ga.* 44, 49; *Dixon* v. *Tucker,* supra.

4. The petitioner does not claim any right to recover property of the defendant as her own. No rights of a creditor are involved. *Dozier* v. *Logan,* 101 *Ga.* 173 (28 S. E. 612). Petitioner claims no interest in nor lien on defendant's property. *Gartrell* v. *Mc-Cravey,* 144 *Ga.* 249 (86 S. E. 932). Petitioner prays for no judgment against defendant that could be satisfied by levy on defendant's property. The appointment of a receiver is the beginning and the end of the object sought, in so far as the judgment is concerned. The purpose of turning the defendant's property over to the receiver is, of course, that the latter shall collect the rents and profits and use it according to the receiver's own judgment, not only for the benefit of the defendant, but for the uses of the defendant's family, including the petitioner. It does not appear that the defendant is refusing to support his family. There is a general allegation that the property of the defendant will be dissipated and lost unless a receiver is appointed. The property was not in litigation, nor was defendant insolvent or unable to respond to any judgment. The property was not joint or impressed with a trust. Petitioner has no right to interfere under the facts alleged.

5. The receiver was appointed ex parte on presentation of the petition. Thus the defendant had no notice and opportunity to demur, or to be otherwise heard. This can be done only "under extraordinary circumstances." Civil Code (1910), § 5479. There are no allegations of fact which would authorize such action in this case.

6. It follows that the court erred in appointing a receiver.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Hill, J., who dissent.*