FRIEDLANDER *v.* FRIEDLANDER BROTHERS *et al.*

No. 8562. August 17, 1932.

478

*Lee W. Branch* and *Copeland & Dukes,* for plaintiff.

*Wilcox, Connell & Wilcox, Waldo DeLoache, J. J. Hill, J. O. Gibson,* and *John C. Parker,* for defendants.

RUSSELL, C. J.   (After stating the foregoing facts.)

A motion to dismiss the bill of exceptions was made in this case.   The defendant in the equitable petition filed an answer and cross-action.   After the lapse of several terms of court the defendant filed an amendment, asking that certain parties other than the original plaintiffs be made defendants in his cross-action.   The court refused to allow the amendment, and refused to make the new parties.   The only effect of this judgment was to refuse to allow an amendment to the cross-action of the original defendant.   But neither the allowance nor the disallowance of the amendment operated to effect a final disposition of the cause.   It appears from the record that after the filing of the original petition, and the filing of the cross-action by Nathan Friedlander, both parties entered into a contract of agreement, wherein it was undertaken to adjust the differences between the parties, in which contract were set out conditions under which the property of Friedlander Brothers was to be divided between Louis Friedlander and his associates, and Nathan Friedlander and an associate, proportionately to the stock ownership of each in the corporation.   In this agreement W. J.

Vereen was made a receiver, to whom was to be paid by the contracting parties money to be applied by him to the payment of the debts due by the corporation on July 19, 1929, and to the payment of fees for his services. He was also empowered to settle differences which might arise between the parties in carrying out the terms of the agreement. It was provided in the agreement as follows: "The present suit in the superior court of Lowndes County, between Friedlander Brothers and Nathan Friedlander, shall remain in status quo until there has been a complete adjustment of the affairs of Friedlander Brothers in the manner outlined in this contract; and as soon as this contract has been fully executed, the court cost incurred in said suit shall be paid by W. J. Vereen out of the funds herein provided, and said suit shall be dismissed." The order of the court merely disallowed the amendment, but did not work a final disposition of the cause. It left the proceeding originally brought by Friedlander Brothers against Nathan Friedlander still in limine. If the court had allowed the amendment, the case would still have been to try, not only upon the original issue, but upon the new issues sought to be engrafted upon the original proceeding by amendment. There would have been no final disposition of the case had the amendment been allowed. So it is plain that the suing out of a bill of exceptions to the refusal of the court to allow the amendment was premature, and under the invariable ruling of this court the alleged error presents nothing for the consideration of this court at this time.

The disallowance of this amendment, when that question (which is now merely interlocutory) may be seasonably presented, may become pivotal in the final adjudication of this litigation. In the meantime, however, the present bill of exceptions can not be dismissed for want of proper parties. We know of no ruling under which one who was never at any time a party in the lower court can be a proper party in a court of review. And this would seem to be especially true where the parties sought to be interjected here appeared only for the purpose of asserting by demurrer that they were not subject to the jurisdiction of the court. The bill of exceptions is not subject to dismissal for lack of proper parties.

As we have held, by the disallowance of the amendment and the refusal to make any new parties the court had left before it only the petition and the answer and cross-petition of the defendant. But

in the cross-action it was prayed "that a receiver be appointed to take charge of and operate the business and the various enterprises of the plaintiff, Friedlander Brothers, and under the direction of the court to dispose of the assets of said corporation and pay the proceeds thereof to the discharge of the indebtedness of the said Friedlander Brothers, and to pay the surplus to the respective stock interest of the stockholders therein, as the same may appear upon the final hearing of the cause." For this reason, the court could properly pass upon the appointment of a receiver. The. fact that no order was passed appointing a receiver, though one was prayed for, is a refusal, and his judgment upon that point is properly reviewable, though in such cases the appointment of a receiver may not effect a final disposition of the case.

■ Upon a careful review of the pleadings as affecting the appointment of a receiver in this case, we are satisfied that there was no error in the refusal of the court to appoint a receiver. The contract and agreement which was entered into by Nathan Friedlander was before the court, and is set out in the record here. No such necessity for the appointment of a receiver appears from the record as would authorize this court to find that the refusal to appoint a receiver was an abuse of the discretion with which the lower court was vested. The general powers of courts in the appointment of receivers are to be found in the Civil Code (1910), §§ 5475, 5476, 5479. Being thus stated in language quite similar, they may sometimes seem to overlap each other. Under these laws, the court, upon a proper showing, might have granted a receiver, as the defendant in his cross-action asks. This court has frequently held that the grant or refusal of a receivership is a matter largely within the discretion of the court, but it is not questioned that the exercise of the right by the chancellor is reviewable by the Supreme Court. So the bill of exceptions in this case is not subject to the motion to dismiss. That being true, permission is granted to the plaintiff in error, if he so desires, to file the copy of the bill of exceptions, with the ruling of the court upon the proposed amendment, as exceptions pendente lite.

*Judgment affirmed with direction. All the Justices concur, except Bell, J., disqualified, and Beck, P. J., and Atkinson, J., who dissent as next indicated.*

· BECK, P. J., dissenting. Inasmuch as the bill of exceptions in

this case assigns error upon a ruling that was final in its nature and which is decided by this court, the principle announced in the first headnote is not applicable; and therefore I dissent from the ruling there stated.

ATKINSON, J., dissenting. 1. The ruling announced in the first headnote states a correct principle of law, but is not applicable to the case. If a judgment had been entered refusing a receiver, a proper exception thereto in a direct bill of exceptions would have authorized further exceptions to the rulings, as to grant or refusal of amendments to the plea.

2. The ruling announced in the third headnote is not a correct statement of the law. A judgment appointing or refusing to appoint a receiver must be actually entered before there can be an exception to it. If the judge omits to enter judgment, he should be requested to do so; and if he refuses to act, mandamus would be a remedy.