## 19413. Frankel v. Frankel.

Candler, Justice. The petition in this case prays for divorce, temporary and permanent alimony, counsel fees, an accounting, a receiver, the writ ne exeat, and for general relief. Cruel treatment is alleged as the ground for divorce. The prayer for a receiver is based on an allegation that the defendant and named relatives are planning to liquidate his properties and put the proceeds derived therefrom beyond the reach of any judgment the plaintiff may obtain for alimony. At an interlocutory hearing on April 6, 1956, the court awarded the plaintiff $492 per month as temporary alimony, commencing as of February 1, 1956, $1,500 on account as counsel fees, $250 "towards expenses of liquidation," and appointed two named persons as temporary receivers. The defendant excepted. *Held:*

1. Prior to the passage of the married woman's property act, it was the rule and practice in this State, almost as a matter of course, to grant temporary alimony to the wife in her pending divorce suit. Code § 30-205 provides: "On application for temporary alimony, the merits of the cause are not in issue, though the judge in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Accordingly, unless under the peculiar facts and circumstances of the case, a judgment allowing or refusing temporary alimony and counsel fees shows an abuse of the discretion vested in the trial judge, his judgment will not be disturbed. *Mathis* v. *Mathis,* 199 *Ga.* 55 (33 S. E. 2d 428), and citations. In this case, the plaintiff introduced no evidence which shows or tends to show any act of cruelty inflicted on her by the defendant. Respecting the cause of separation, the evidence shows that the defendant, then a sick man and a much older person than the plaintiff, made two business trips to Florida between October 6, 1955, and January 30, 1956; but before so leaving, gave the plaintiff twelve checks for $60 each to be used by her for the purpose of meeting household expenses during his absence. While thus away, the plaintiff had the locks on the doors of his home changed and on his return he found himself locked out and since then has not been permitted to enter his home. Such being in substance the uncontroverted evidence, we hold that the trial judge abused his discretion in awarding temporary alimony, counsel fees, and "expenses of liquidation." In *Mullikin* v. *Mullikin,* 200 *Ga.* 638 (5) (38 S. E. 2d 281), it was held that a wife is not entitled to an award of temporary alimony or attorney's fees, and that it is erroneous for the judge to award either, where it appears without dispute that she abandoned her husband and refuses to live with him without just cause.

2. "The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code § 55-303; *United Bonded Warehouse* v. *Jackson,* 207 *Ga.* 627 (1) (63 S. E. 2d 666). The high prerogative act of taking property out of the owner's hands and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong imminently impending. *Templeman* v. *Templeman,* 173 *Ga.* 743 (161 S. E.

261), and the cases there cited. The petition and the evidence in this case show the defendant to be a wealthy person. His estate consists of valuable real estate in Atlanta, Georgia, stocks in several corporations, and other personal property, and there is no evidence showing or tending to show that the defendant is selling, concealing, wasting, mismanaging, or making any effort to dispose of or encumber any part of his holdings or has any intention to do so. Such being the evidence, no clear and urgent necessity for the appointment of receivers was shown. Hence, it was an abuse of his discretion and therefore erroneous for the trial judge to place the defendant's property in receivership. *Jones* v. *Wilson,* 195 *Ga.* 310 (24 S. E. 2d 34); *Irwin* v. *Willis,* 202 *Ga.* 463 (43 S. E. 2d 691, 4 A. L. R. 2d 1265). In the case last cited, attention was called to the constitutional mandate that the citizen and his property be protected, and that such protection is not afforded when courts, by the appointment of receivers, deprive the citizen of the possession of his property where his right thereto has not been forfeited under some rule of law. In this connection, see *Brannen* v. *Brannen,* 208 *Ga.* 88 (65 S. E. 2d 161).

3. The motion to dismiss the writ of error, on the ground that it was prematurely sued out since no final judgment or decree had been rendered in the cause, is wholly without merit and is therefore denied. See Code § 6-903; *Ramsey* v. *Ramsey,* 175 *Ga.* 685 (1) (165 S. E. 624); *Williams* v. *Williams,* 206 *Ga.* 341 (57 S. E. 2d 190).

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 9, 1956—DECIDED SEPTEMBER 7, 1956—REHEARING DENIED OCTOBER 11, 1956.

*John H. Hudson, W. R. Hudson,* for plaintiff in error.
*Augustus M. Roan, Paul James Maxwell,* contra.