24752. ROGERS v. McDONALD et al.

ARGUED JULY 8, 1968—DECIDED SEPTEMBDR 24, 1968.

*Frank M. Gleason,* for appellant.

*Ernest McDonald,* for appellees.

MOBLEY, Justice. This appeal is from an interlocutory order in an action to dissolve a partnership. Cecil McDonald and Dr. E. B. Quinton brought a complaint against Marion F. Rogers, Sr., alleging that: In 1960, the parties formed a partnership under the name of Ringgold Builders, each partner owning a one-third interest. On June 14, 1966, Rogers demanded of them that the partnership be dissolved and that the financial rights of each partner be determined, pursuant to which they caused calculations of the partnership assets to be made as of June 29, 1966, which calculations are attached as an exhibit. They prayed that the partnership be dissolved as of June 29, 1966; that Rogers be required to either buy or sell according to the

partnership agreement under such terms and conditions as will guarantee the seller or sellers complete immunity to further liability in connection therewith; for damages; and for other relief.

Rogers in his answer and counterclaim prayed for an accounting; for a determination of the assets as of the date of the filing of the counterclaim; for the appointment of a receiver; for the "winding up of the partnership and the distribution of the assets of the partnership between the respective partners"; and for a jury determination of the issues in the case.

The record includes the transcript of six hearings before the trial judge, culminating in an order of April 4, 1968, as follows: "(1) The court is withholding a ruling on the relief sought the plaintiffs for a period of 30 days in view of plaintiffs exhibit #1 introduced in evidence. (2) It is the order of the court that defendant submit to plaintiffs an offer to buy or sell based on value of assets as of April 4, 1968, within 30 days and providing in such offer that if plaintiffs buy defendant will be made safe, and if plaintiffs sell, plaintiffs will be made safe, and as to any liabilities of the partnership. (3) The relief sought by defendant's counterclaim is denied."

Rogers appealed from this order, enumerating as error the requirement that he submit an offer to buy or sell the partnership assets, the denial of a trial by a jury in the determination of the value of the assets of the partnership, and the denial of the appointment of a receiver.

■ Article X of the partnership agreement provides: "If at anytime any partner desires to withdraw from said partnership for any reason whatsoever, he must first offer his interest to the two remaining partners at a sum equivalent to 33⅓% of the book value of the partnership. The book value shall be derived and computed by the accounting firm of                    , and their report shall be binding on all three partners."

The schedules attached to the complaint, as amended, of McDonald and Quinton were prepared by Boynton, a bookkeeper, with the assistance of Hayes, a real estate agent. It is the contention of McDonald and Quinton that a letter dated June 23, 1966, from counsel for Rogers to counsel for McDonald and

Quinton, requested that these calculations be made by Boynton, and that Rogers by this letter designated Boynton to make the compilation contemplated by Article X of the partnership agreement. Rogers emphatically denies that Boynton was designated by him to make an accounting of the assets of the partnership, and insists that this letter merely made a request for information as to the financial condition of the partnership.

This letter requests specified information concerning the partnership assets, and states that, if Mr. Boynton will supply this information immediately, there will be no necessity for an independent auditor, but that Mr. Boynton is a procrastinator, and counsel believes that they should get an independent accountant. Although this letter is somewhat ambiguous, we agree with counsel for Rogers that it does not show a designation by Rogers of an accounting firm to determine the "book value" of the partnership under the terms of the partnership agreement. No method of dissolution of the partnership is provided by the partnership agreement except that in Article X, and since the parties appear to be unable to reach any agreement, the dissolution of the partnership must be effected in a legal proceeding.

At the interlocutory hearings McDonald and Quinton offered the schedules attached as exhibits to their amended complaint as the basis for the valuation claimed by them. Rogers introduced the testimony of an expert witness, who placed the values of the real property at a higher figure than that shown by the schedules of McDonald and Quinton. No finding of fact has been made by the trial judge as to the value of the assets and liabilities of the partnership, and such determination should properly be reserved until the main determination of the case. *Bleyer v. Blum & Co.*, 70 Ga. 558, 565 (3). However, the trial judge in his interlocutory order directed Rogers, within the 30 days, to submit an offer to the other partners to buy or sell, based on the value of the assets on the date of the order. This was, in effect, an order for Rogers to offer to make a settlement of the case, which the judge was without authority to do.

Counsel for McDonald and Quinton construes this portion of the order as giving Rogers an additional period of 30 days to make an offer of settlement, if he should desire to do so, with

no penalty to be attached for failure to make the offer. This may have been the intention of the judge, but to avoid possible confusion, we will reverse this portion of the order, which directs Rogers to submit an offer to buy or sell.

■ The order appealed from denied "the relief sought" by Rogers' counterclaim. We construe this to be a denial of the prayer for the appointment of a receiver, and not a denial of the prayers for accounting and dissolution of the partnership, which are matters to be determined on the final trial of the case.

Counsel for Rogers urges that the court erred in refusing to appoint a receiver for the partnership, asserting mismanagement of the affairs of the partnership by McDonald and Quinton, and charging that McDonald, who operates the Ringgold Hardware Company, is claiming that the partnership owes sums of money to that company which the partnership does not owe. Ringgold Hardware Company is owned by a partnership composed of McDonald and Rogers, in which Rogers owns a one-third interest. The affairs of that partnership are also in litigation.

The partnership assets of Ringgold Builders consist of real property, notes, and moneys obtained from rents. It has indebtedness to lending agencies, and the account with Ringgold Hardware Company for building supplies. The business of the partnership was managed by Quinton under power of attorney from the other partners until Rogers revoked his authority.

There is no specific provision in the partnership agreement as to the management of the business, and in the absence of a contrary stipulation, a majority of the partners are authorized to conduct the partnership business. *Code* § 75-203. Rogers offered no proof to substantiate his charge that McDonald and Quinton are mismanaging the business of the partnership, or that any of the assets have been misappropriated. There was no evidence that McDonald and Quinton are insolvent. The evidence pertaining to loss to the partnership, occasioned by the refusal of Rogers to sign a deed for a house that was sold, was offered by McDonald and Quinton, and they do not seek a receiver. Rogers can not complain of lack of management caused by his own failure to act.

"The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." *Code* § 55-303. Counsel for Rogers cites *Dunn v. McNaught, Ormond & Co.*, 38 Ga. 179; *Bliley v. Taylor*, 86 Ga. 163 (13 SE 283); *Bishop v. Pendley*, 138 Ga. 738 (76 SE 63); and *Pritchett v. Kennedy*, 140 Ga. 248 (78 SE 902), as authority for the principle that the appointment of a receiver is a proper way for winding up the affairs of a partnership. None of these cases are in point on their facts with the present case.

The evidence did not show that the rights of the parties could not be fully protected without the appointment of a receiver, and. the trial judge did not abuse his discretion in refusing to appoint a receiver. *Code* §§ 55-301, 55-302; *Terrell v. Goddard*, 18 Ga. 664 (2); *Huggins v. Huggins*, 117 Ga. 151 (6) (43 SE 759); *Dozier v. Logan*, 101 Ga. 173 (2) (28 SE 612); *Jones v. Wilson*, 195 Ga. 310 (24 SE2d 34).

*Judgment affirmed in part; reversed in part. All the Justices concur.*