## 28852. CLEVELAND v. TULLY.

NICHOLS, Presiding Justice.

The marriage of Georgia Daggres Tully and James Edward Tully was dissolved by divorce on October 7, 1964. There was one minor child of such marriage. An agreement between the parties was made a part of the

divorce decree and provided for alimony, child support, etc. In June 1973 the former wife met a violent death while visiting in Florida. The present litigation began when the former husband sought to recover possession of the couple's former residence from the administratrix of the former wife's estate. A cross complaint sought child support payments due and unpaid at the time of the wife's death, the sale of the marital residence and other relief, including the appointment of a receiver. The issues thus presented were heard by the trial court without the intervention of a jury and a decree rendered for the former husband. The administratrix appealed.

The record discloses that legal title to the marital residence was in the former husband. Paragraph 2 of the agreement provided: "Defendant [husband] agrees that the plaintiff [wife] shall have exclusive use and possession of the marital residence known as 1271 Jody Lane, N. E., Atlanta 29, DeKalb County, Georgia, so long as the plaintiff in this case remains unremarried and is a full-time occupant of said premises.

"In the event the plaintiff shall remarry or shall elect to vacate the premises, then at that time and in either event, the said real estate shall be sold and the net proceeds of the sale of such property shall be divided equally between the parties plaintiff and defendant in this case.

"So long as the plaintiff herein shall not remarry and shall occupy the said premises, defendant shall retain fee simple legal title to said real estate, subject only to the outstanding loan secured by said property, and the defendant herein shall pay the monthly instalment on said loan, including principal, interest, ad valorem taxes on said real estate (but not upon the personal property located therein), and hazard insurance upon the real estate, aggregating approximately $162 per month; and the defendant shall pay one-half of such expenses as shall be incurred in the reasonable maintenance of the improvements located upon said property."

Neither the appellant administratrix nor the former husband has cited any Georgia decision or statutory law directly in point.

1. In *Trammell v. West,* 224 Ga. 365 (162 SE2d 353) the award to the wife was a present agreement to convey upon the happening of an event certain, but which may or may not have occurred prior to the wife's death.

Here there was no present agreement to convey anything. The agreement did not vest any title in the marital home to the wife. It did provide that under certain circumstances *she* could receive a part of the proceeds from its sale. In the absence of either of the two contingencies, she merely had a right to reside in the residence and upon her death the former husband was entitled to possession of the marital residence without it being subject to any claim by her estate.

2. As a separate item in the counterclaim the administratrix sought to recover past due child support payments.

The payments due as "child support" were payable to the deceased wife as trustee only. It has been held that voluntary payments by a father to his son cannot be credited against required payments to his former wife for such child's support.

*Fischer v. Fischer,* 164 Ga. 81 (137 SE 821). By this same rationale any payments made toward the support of the child by the former wife must, as applied to the present case where recovery is sought by her administratrix, be treated as voluntary payments. If recovery were permitted such recovered payments would have to be turned over to the father.

3. The agreement which was made a part of the divorce decree provided that the former husband would pay 1/2 of the maintenance on the former marital home, and that he would pay for hazard insurance on such premises. The cross complaint sought an accounting as to this item of the divorce decree. Under the decision in *Trammell v. West,* supra, these items are capable of exact determination, and the administratrix is entitled to recover any amount expended by the deceased wife in excess of 1/2 the maintenance and any amount expended by her making repairs covered by hazard insurance which was not reimbursed by the husband. See also *Kay v. Vaughan,* 224 Ga. 875 (165 SE2d 131), as to the recovery by a representative of the wife's estate of attorney fees

awarded in a divorce proceeding which had terminated prior to the wife's death.

4. "'The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to.' Code § 55-303; *United Bonded Warehouse v. Jackson,* 207 Ga. 627 (1) (63 SE2d 666). The high prerogative act of taking property out of the owner's hands and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong imminently impending. *Templeman v. Templeman,* 173 Ga. 743 (161 SE 261), and the cases there cited." *Frankel v. Frankel,* 212 Ga. 643 (2) (94 SE2d 728). It would have been an abuse of the trial court's discretion to place the marital house in the hands of a receiver.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED MAY 14, 1974 — DECIDED JUNE 12, 1974.

*Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellant.

*McCurdy, Candler & Harris, George H. Carley,* for appellee.