S01A0505. HMC REALTY, INC. v. CHARIS COMMUNITY HOUSING, INC.
(546 SE2d 498)

THOMPSON, Justice.

The question for decision in this equity case is whether, following a hearing upon a request for an interlocutory injunction, the superior court erroneously entered an order granting permanent relief. We find that the superior court did so err, and reverse.

On July 27, 2000, Charis Community Housing, Inc. ("Charis") brought suit in superior court to enjoin HMC Realty, Inc. ("HMC") from foreclosing on certain real estate. HMC had threatened to foreclose on the property pursuant to a security deed which Jay Kessler and Bennie Auerbach assigned to HMC.

Because the foreclosure under the power of sale was scheduled for August 1, 2000, a hearing was held on July 28, 2000, one day after the filing of the complaint. No order was entered to advance and consolidate the hearing on the request for an injunction with the trial of

the action on the merits. No witness testified at the hearing – counsel merely argued the issues and the propriety of injunctive relief. Nevertheless, the superior court enjoined the scheduled foreclosure sale after coming to the conclusion that the assignment of the deed to secure debt was "void and of no effect."

Thereafter, HMC filed a motion for reconsideration in which it asked the superior court to clarify its order by stating that it was only intended to be interlocutory. The motion was denied and HMC appealed.

The entry of permanent relief after an interlocutory hearing is improper unless there is an order consolidating the trial on the merits with the hearing on the application for interlocutory injunction as provided in OCGA § 9-11-65 (a) (2), or the parties have acquiesced. *Gwinnett County v. Vaccaro*, 259 Ga. 61 (1) (376 SE2d 680) (1989). In this case, the superior court made a final determination on the merits and permanently enjoined HMC without issuing a consolidating order, see *Ward v. Process Control Corp.*, 247 Ga. 583, 584 (277 SE2d 671) (1981), or informing counsel that a permanent injunction would be issued. See *Regency Club v. Stuckey*, 253 Ga. 583, 586 (3) (324 SE2d 166) (1984). In so doing, the superior court erred.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 7, 2001.

*McCalla, Raymer, Padrick, Cobb & Nichols, Robert J. Hulsey, C. Terry Blanton*, for appellant.
*Hipes & Norton, Albert L. Norton, Jr.*, for appellee.