S02A0761. BYELICK v. MICHEL HERBELIN USA, INC.
(570 SE2d 307)

BENHAM, Justice.

Formerly an employee of Michel Herbelin USA, Inc., a U. S. subsidiary of a French watch-maker (hereinafter "Herbelin"), Thomas Byelick sued Herbelin for breach of contract, alleging that contracts between the parties made Byelick the sole owner of Herbelin. Byelick obtained an ex parte temporary restraining order preventing Herbe-

lin from interfering in the conduct of the business and specifically against recovering from him company assets and records in his possession. After a hearing on Byelick's application for an interlocutory injunction, the trial court dissolved the temporary restraining order and ordered Byelick to turn over the inventory and records of Herbelin within ten days. This appeal is from that order.

1. In two enumerations of error, Byelick contends the trial court's dissolution of the temporary restraining order and grant of relief to Herbelin were abuses of discretion. Our review of the record persuades us otherwise.

" 'The purpose for granting interlocutory injunctions is to preserve the status quo, as well as balance the conveniences of the parties, pending a final adjudication of the case.' [Cit.] Generally, the trial court has broad discretion under OCGA § 9-5-8 in deciding whether to grant a request for an interlocutory injunction. [Cit.]" *Atlanta Dwellings v. Wright*, 272 Ga. 231, 233 (527 SE2d 854) (2000). Byelick contends that the status quo which warrants protection in this case is his lawful possession of the inventory and records of Herbelin. However, whatever the merit of Byelick's claim that he now owns Herbelin, the evidence at the hearing established without contradiction that Byelick's original possession of the inventory and records was as an employee of Herbelin, and that he was discharged from Herbelin's employ prior to his assertion of a claim of ownership. Thus, the status quo ante was not Byelick's personal possession of the inventory and records, but Herbelin's possession of the inventory and records. Insofar as the convenience of the parties is concerned, the record showed and the trial court found that Herbelin needs the inventory and records as part of its effort to close its U. S. operations, and has sufficient resources that Byelick could be adequately compensated if he were to prevail on the merits of his claim. Given those facts, we see no abuse of discretion in the trial court's decision that the equities of the case required that the property be returned to Herbelin pending resolution of Byelick's legal claims.

2. Byelick contends the trial court's order constituted a permanent injunction, which was error because it was for an unlimited time and was entered without a full hearing. "The entry of permanent relief after an interlocutory hearing is improper unless there is an order consolidating the trial on the merits with the hearing on the application for interlocutory injunction as provided in OCGA § 9-11-65 (a) (2), or the parties have acquiesced." *HMC Realty v. Charis Community Housing*, 273 Ga. 817, 818 (546 SE2d 498) (2001). However, Byelick is mistaken in his designation of the injunction here as permanent rather than interlocutory. "The purpose of an interlocutory injunction is preliminary and preparatory; it looks to a future final hearing, and while contemplating what the result of that hear-

ing *may be*, it does not settle what it *shall be*." (Emphasis in original.) *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers*, 223 Ga. 784, 788 (158 SE2d 248) (1967). The order at issue here recognized the ongoing nature of the controversy and made no effort to resolve the basic conflict. Instead, the order acknowledged that there will be further litigation and ensured that the interests of both parties were protected until a final resolution. Thus, the order did not constitute a permanent injunction and Byelick's enumeration of error raising that issue is without merit.

3. Finally, Byelick contends that the trial court erred by failing to adopt the alternative remedy of the appointment of a receiver to take possession of the inventory. Byelick suggests in his brief that the trial court "appears not to have considered any alternative" to the injunction it issued, but we note that other alternatives, including appointment of a receiver, were argued to the trial court at the hearing. There is nothing in the record establishing a failure of the trial court to consider the appointment of a receiver as an alternative, and under the principle that a trial court will be presumed to have performed its duty (*Goodwin v. State*, 251 Ga. App. 549 (1) (554 SE2d 317) (2001); *Johnson v. Equicredit Corp.*, 238 Ga. App. 380 (1) (517 SE2d 353) (1999)), we will not assume the trial court here failed to do so. To the extent Byelick argues that the trial court erred in failing to appoint a receiver as a less extreme remedy, we disagree. "[T]he court's power to appoint a receiver should be prudently and cautiously exercised and should not be resorted to except in clear and urgent cases. [Cit.]" *Chrysler Ins. Co. v. Dorminey*, 271 Ga. 555, 556 (1) (522 SE2d 232) (1999). See also OCGA § 9-8-4. "The high prerogative act of taking property out of the owner's hands and putting it in pound, under the order of a judge, ought not to be taken, except to prevent manifest wrong imminently impending. [Cit.]" *Cleveland v. Tully*, 232 Ga. 377, 380 (4) (207 SE2d 18) (1974). In the present case, the trial court specifically found that Byelick's rights would be protected because Herbelin has sufficient assets to satisfy any award Byelick might receive from this litigation. The evidence submitted by Herbelin supported that finding. Since "[t]he evidence did not show that the rights of the parties could not be fully protected without the appointment of a receiver, . . . the trial [court] did not abuse [its] discretion in refusing to appoint a receiver. [Cits.]" *Rogers v. McDonald*, 224 Ga. 599, 603 (2) (163 SE2d 719) (1968).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*Michael B. Butler*, for appellant.

*Kilpatrick Stockton, Christopher B. Lyman, Susan A. Cahoon,* for appellee.