S06A0342. PATEL v. PATEL et al.
(627 SE2d 21)

CARLEY, Justice.

This appeal arises from a dispute in connection with the purchase of a franchise restaurant. Appellees are two brothers, Kishan and Rashmikant Patel, and their sister Jayshreeben Patel. The brothers obtained a loan for $695,000, but about $146,000 in cash was also necessary to close the transaction. A portion of the cash was contributed by Nilesh Patel, who was Ms. Patel's husband at the time, and a large portion was given by his brother, Ashvin Patel, who is the Appellant. The purchase was consummated in March 2002 by a business entity formed for that purpose, SAYA, LLC, of which K. Patel owned 65% and R. Patel owned 35%. Company records did not reflect the interest of Ms. Patel or N. Patel due to their immigration status.

---

After Appellant unsuccessfully sought to purchase the entire interest in the restaurant, K. Patel signed a document which purports to transfer his interest to Appellant, but which Appellees contend is void. Ms. Patel and N. Patel operated the franchise until their separation in January 2004. Since that time, Appellees have prevented N. Patel from participation in the business, and Ms. Patel has managed the restaurant.

Appellant brought suit based on fraud, and conversion, and seeking an injunction, an accounting and other relief. He alleges that he has an equitable ownership interest in the restaurant, and that Appellees have unlawfully taken control of the business and deprived him of his rights. Appellant filed a motion for the appointment of a custodian or receiver to manage the assets of the restaurant during the pendency of litigation. The trial court denied the motion, finding that Appellant failed to make the requisite showing that such appointment is appropriate. Appellant appeals directly from that order pursuant to OCGA § 5-6-34 (a) (4).

> When any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof.

OCGA § 9-8-1. As this court has frequently held, the grant or refusal of a receivership under OCGA § 9-8-1 et seq. "is a matter addressed to the sound legal discretion of the court, the exercise of which will not be interfered with unless such discretion be manifestly abused." *Friedlander v. Friedlander Bros.*, 175 Ga. 477 (4) (165 SE 426) (1932). Indeed, Appellant has conceded that this Court has never reversed a trial court for the failure to appoint a receiver pursuant to OCGA § 9-8-1 et seq. Regardless of exactly how accurate this concession is, it is at least as true now as it was a century ago that "[t]here are few, if any, cases, under the equity practice of this State, in which receivers are appointed as a matter of right . . . ." *Huggins v. Huggins*, 117 Ga. 151, 160 (6) (43 SE 759) (1903).

"The power of appointing receivers should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." OCGA § 9-8-4. See also *Byelick v. Michel Herbelin USA*, 275 Ga. 505, 507 (3) (570 SE2d 307) (2002). "This is so regardless of the apparent equity of the complainant. [Cit.]" *Chrysler Ins. Co. v. Dorminey*, 271 Ga. 555, 556 (1) (522 SE2d 232) (1999). " 'The high prerogative act of taking property out of the owner's hands and putting it in pound, under the order of a judge, ought not to be taken,

except to prevent manifest wrong imminently impending. (Cit.)' [Cit.]" *Byelick v. Michel Herbelin USA,* supra.

Appellant relies on evidence that he has a lawful interest in the restaurant's assets and that Appellees repudiated this interest and improperly seized the assets for their own use and benefit.

> A preliminary hearing on an application for receiver ... is not intended to be a means of trying title. [Cit.] Ordinarily it should require a verdict and final judgment to oust one of his land or other property. A receivership is not intended to be better than an action of ejectment or trover, and to take property from a defendant claiming title and right of possession. Where such defendant is himself solvent and there is no reason to doubt that he will be able to answer the final decree in the case, and there are no other special circumstances requiring the interposition of the extraordinary remedies, his solvency makes the court treat him as a quasi receiver, the property being regarded as in safe hands.

*Huggins v. Huggins,* supra. In such circumstances, appointment of a receiver to take possession of the property and collect the rents or profits therefrom is not necessary to protect the parties at interest. *Liddell v. Johnson,* 213 Ga. 752, 755 (1) (101 SE2d 755) (1958). The mere fact that Appellees are treating the restaurant as their own, without a showing of insolvency, waste, mismanagement, or other danger of loss or injury, does not furnish cause for the appointment of a receiver. *Frankel v. Frankel,* 212 Ga. 643, 644 (2) (94 SE2d 728) (1956); *Astin v. Carden,* 194 Ga. 758, 766-767 (3) (22 SE2d 481) (1942).

Appellant contends that, if he is not a shareholder, then he is a creditor of the business. This contention clearly does not furnish any additional basis for the appointment of a receiver. In the absence of extraordinary circumstances, an unsecured creditor may not obtain an injunction or other extraordinary relief, including the appointment of a receiver. OCGA § 9-5-6; *Oattis v. West View Corp.,* 207 Ga. 550 (63 SE2d 407) (1951); *Irwin v. Willis,* 202 Ga. 463, 477 (2) (43 SE2d 691) (1947). See also *Kruzel v. Leeds Bldg. Products,* 266 Ga. 765, 766 (1) (470 SE2d 882) (1996) (not even the existence of a claim of lien, without more, will constitute a reason for the appointment of a receiver).

Appellant has not presented any evidence of insolvency, waste, mismanagement, or misappropriation of assets. *Rogers v. McDonald,* 224 Ga. 599, 602 (2) (163 SE2d 719) (1968). Likewise, there is not even evidence of any motivation on the part of Appellees to endanger the

continued success of the restaurant, especially since, even if Appellant prevails in this action, he will obtain no more than a partial ownership interest in the business. The trial court's exercise of the extraordinary power of taking property from an owner and placing it in the charge of a receiver cannot be based on a remote contingency. *Ray v. Carlisle*, 125 Ga. 316, 318 (54 SE 119) (1906). If insolvency, waste, or danger of probable loss should later appear, the trial court would be authorized to give direction with regard to the management of the restaurant, to appoint a receiver, and to grant any other appropriate extraordinary relief at that time. *Huggins v. Huggins*, supra.

"Since '(t)he evidence did not show that the rights of the parties could not be fully protected without the appointment of a receiver, ... the trial (court) did not abuse (its) discretion in refusing to appoint a receiver. (Cits.)' [Cit.]" *Byelick v. Michel Herbelin USA*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2006.

*Schulten, Ward & Turner, David L. Turner, Dean R. Fuchs*, for appellant.

*Jeffrey M. Fishman*, for appellees.

