### S08A1231. TREU v. HUMANISM INVESTMENT, INC.
(670 SE2d 409)

HINES, Justice.

This appeal is from the trial court's denial of a motion to appoint a receiver for a corporation. Finding no abuse of the trial court's discretion, we affirm.

In 1997, Min-Wei Hsu formed Humanism Investment, Inc., and he acts as the corporation's president. That year, Scarlet Treu

---

[14] Id.

invested $100,000 in the corporation. Shortly thereafter, the corporation purchased a commercial building for $1.055 million;[1] the building is virtually the corporation's sole asset. Stock certificates in the corporation were not issued until 2000; Treu's shares amount to ten percent of the stock. In 2002, Treu, joined by two of the total of eight shareholders, filed an "Application for Meeting of Shareholders, Inspection of Records, Accounting, Injunctive Relief, and Appointment of a Receiver." Following this filing, Hsu called the first shareholders' meeting of Humanism, and salaries and other expenses from 1997 to 2002 were "retroactively approved" by a majority of the shareholders.

The trial court, addressing the "Plaintiffs' Motion for Appointment of Receiver, Application for Accounting and Motion for Sanctions for Defendant's Failure to Comply with Consent Scheduling Order," granted the motion to the extent that an auditor was appointed to, inter alia, examine the corporation's records, provide an accounting of investments and payments, and determine the interests of the shareholders. Before the completion of the auditor's report, Treu separately filed a "Plaintiff's Renewed Motion for Appointment of Receiver and Request for Emergency Hearing"; this motion was later joined by the other plaintiffs. Before the trial court ruled on that motion, the auditor's report was submitted; it included a July 2006 appraisal of the building, which found a fair market value of $6 million, and the auditor's report determined that Treu's net share of the corporation was $426,608.59. A hearing was then held on the renewed motion to appoint a receiver, and the motion was denied. Treu, without the participation of the other plaintiffs, received a certificate of immediate review from the trial court, and filed an application for interlocutory appeal in this Court,[2] which was granted.

Treu contends that the trial court abused its discretion by failing to appoint a receiver. In particular, she asserts that the need for a receiver is shown by Hsu's choice of corporate structure, his misrepresentation from 1997 to 2000 that he was the sole owner of the corporate assets, improper expenses paid by the corporation on behalf of Hsu and his family,[3] and Hsu's failure to hold a meeting of shareholders until 2002, when certain expenses were "retroactively approved."[4]

---

[1] The purchase price was $1.655 million, with a $600,000 offset to the corporation for asbestos removal.

[2] But see OCGA § 5-6-34 (a) (4).

[3] These expenditures included items such as personal travel and automobile expenses, immigration expenses, utility bills, a residential mortgage, inappropriate salaries, and refunds.

[4] Since 2002, it appears that expenditures such as salaries have been approved by a majority of the shareholders.

"[T]he grant or refusal of a receivership 'is a matter addressed to the sound legal discretion of the (trial) court, the exercise of which will not be interfered with (on appeal) unless such discretion be manifestly abused.' [Cit.]" *Ga. Rehabilitation Center v. Newnan Hosp.*, 283 Ga. 335, 336 (2) (658 SE2d 737) (2008).

> When any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof.

OCGA § 9-8-1. "The power of appointing receivers should be prudently and cautiously exercised and except in clear and urgent cases should not be resorted to." OCGA § 9-8-4. " 'This is so regardless of the apparent equity of the complainant. (Cit.)' [Cit.]" *Patel v. Patel*, 280 Ga. 292, 293 (627 SE2d 21) (2006).

The auditor's report criticized the choice to establish the corporation as a "C" corporation rather than some form of partnership, as "C" corporation status resulted in tax treatment that is unfavorable to the shareholders,[5] but that decision was made in 1997 and there is no showing that appointment of a receiver could reverse it. Although Hsu's representations prior to 2000 that he was the sole owner of the corporation may result, or have resulted, in tax implications for him, the corporate structure has clearly been recognized since that time, and it has not been shown that these prior representations affect the current or future operation of the corporation.[6] Further, although Treu takes issue with the fact that funds for the building's purchase were paid from Hsu's personal account, she wired her $100,000 investment to that account, and it is undisputed that the building is now owned by the corporation. While the auditor's report found certain questionable corporate expenditures, the report returned such expenditures to corporate equity for the purpose of calculating Treu's interest in the corporation. Thus, the evidence is that improper corporate expenditures have been adjusted in the audit so as to ensure that Treu's proper share of the corporation is accurately measured. There is no showing that Hsu or the corporation is insolvent, or that Treu will not be able to ultimately gain her appropriate share of the corporation's value. See *Patel*, supra. The trial court did not abuse its discretion in determining that the rights

---

[5] The auditor's report stated that "S" corporation status is not available to foreign shareholders, which at least one shareholder is.

[6] The report noted that the legality of the retroactive approval of certain corporate disbursements may have to be determined by the trial court.

of shareholders could be protected without the appointment of a receiver. Id. at 295.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 17, 2008.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., James C. Fox II*, for appellant.

*Cowsert & Avery, William S. Cowsert, Michael S. Broun II, Jesus A. Nerio*, for appellee.